### SHERMAN *et al.* v. PORT HURON ENGINE & THRESHER CO.

1. A contract between principal and agents provided that the principal should furnish the agents with machinery to fill orders which the agents agreed to take, that the agents would deliver no machinery until the orders therefor were accepted by the principal, and that the agents should receive a certain commission on machinery actually sold and delivered. The agents forwarded an order which the principal refused to accept, and the former then sued for their commissions, as for a completed sale of the machinery embraced in the order. *Held* that, assuming that the principal did not have an absolute right to reject any order, it could properly refuse to accept one for cause, and the burden was on the agents to show that the order was one with which the principal should have been satisfied, and, the evidence on that point being conflicting, the agents were not entitled to the direction of a verdict.

2. A bank at which a note is payable, and to which it is sent for collection, has no implied authority to employ a bank in another city as its sub-

agent to collect the note, so as to make a payment to such subagent a payment to the owner of the note.

(Syllabus by the court. Opinion filed April 7, 1896.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action to recover commissions for the sale of machinery. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed.

The facts are stated in the opinion.

*Bailey & Voorhees,* for appellant.

The subagent is the agent, not of the principal, but of the intermediate agent. Allen v. Bank, 22 Wend. 214; Montgomery Bank v. Albany City Bank, 7 N. Y. 459; Commercial Bank of Penn. v. Union Bank of N. Y., 11 N. Y. 203; Ayrault v. Bank, 47 N. Y. 570; Naser v. Bank, 116 N. Y. 492; Corn Exch. Bank v. Farmers' Nat. Bank, 118 N. Y. 443; St. Nicholas Bank v. State Nat. Bank, 128 N. Y. 26; Reeves v. Bank, 8 Oh. St. 465; Sanger v. Dun, 47 Wis. 615; Simpson v. Waldby, 63 Mich. 439, S. C., 30 N. W. 199; Bradstreet v. Everson, 72 Pa. St. 124; Hoover v. Wise, 91 U. S. 308; Exch. Nat. Bank v. 3d. Nat. Bank, 112 U. S. 276; Kent v. Bank, 13 Blatch. 233; Titus v. Bank, 35 N. J. L. 588; Tyson v. Bank, 6 Blackf. (Ind.) 225; Taber v. Perrott, 2 Gall. 565; Van Wart v. Wooley, 3 B. & C. 439, S. C. 5 D. & R. 374; Mackersy v. Ramsays, 9 Cl. & Fin. 818; Bank v. Howell, 8 Md. 530; Agri. Bank v. Com. Bank, 15 Miss. 592; Bowling v. Arthur, 34 Miss. 41.

*Joe Kirby,* for respondents.

An objection for irrelevancy and immateriality cannot cover imcompetency. Ry. Co. v. Stanford, 15 Kans. 354-80; Cornell v. Barnes, 26 Wis. 473-480. An agent, unless expressly forbidden by his principal to do so, can delegate his power to another, in one of the following cases, and no other: when the act to be performed is principally mechanical; when it is usage of the place to delegate such powers; when such delegation is specially authorized by the principal. § 1380, Civil Code. A sub-

agent lawfully appointed represents the principal in a like manner with the original agent. § 1382, Civil Code. Not only did the Bank of Hartford become the agent of appellant, in making the collection, but the appellant, in case of a failure of the Hartford Bank, could have recovered the money as a trust fund from the assignee. Kimmel v. Dickson, 58 N. W. 561, 5 S. D. 221; Bank v. Beal, 50 Fed. 355.

Haney, J. It is alleged in the complaint that plaintiffs, as co-partners, were employed by defendant, a corporation, to procure purchasers of threshing machines for it, to be sold in this state; that, pursuant to the contract of employment, plaintiffs, as agents of defendant, did procure a purchaser, and did sell for defendant one threshing outfit, complete, to one Frank Bates, for which service defendant did agree to pay plaintiffs $470; that no part of such sum has been paid; that, pursuant to such contract, plaintiffs did procure a purchaser, and did sell for defendant, to one Tyler, a threshing engine, for which service defendant promised and agreed to pay plaintiffs $318; that no part of such sum has been paid. Defendant, answering, admits the employment; alleges it was under a written contract, pleaded *totidem verbis*; denies any sale was made to Bates pursuant to such contract; alleges that, if any agreement for the sale of machinery was made, it was made in violation of the contract of employment, that defendant never accepted the order for such machinery, and that no sale was ever completed. Defendant admits the sale to Tyler, admits plaintiffs' commission thereon is $318, but alleges that notes were taken for the engine, the proceeds of which have not been received by the defendant in cash. There was a trial by jury, verdict and judgment for plaintiffs, motion for new trial denied, and defendant appeals.

Plaintiffs were located at Sioux Falls, in this state; defendant at Port Huron, Mich. In the written contract defendant agrees to furnish plaintiffs with certain machinery to fill orders

in conformity with such contract, so long as it has goods on hand not engaged, to be sold on commission, subject to the terms and conditions of the contract.    Plaintiffs agree they will take orders for machines on blanks furnished by defendant, promptly sending original to defendant, keeping a copy and delivering a copy to purchaser, and thereby guarantee the payment of notes taken for goods, at maturity, or at any time. thereafter, waiving demand, notice of protest, and non-payment (this agreement to be sufficient evidence of said guaranty), unless plaintiffs have received, in writing, defendant's acceptance of order before delivery of goods.    Plaintiffs agree not to deliver any machinery until the same is fully settled for by purchaser as required in order and in the contract, and until acceptance by defendant.    In case of nonfulfillment of last clause, plaintiffs to pay for machinery in cash, on demand, the full list price thereof, with interest from day of delivery; defendant to pay for services rendered, or costs and expenses incurred on account of such delivery.    In consideration of the faithful performance by plaintiffs of the contract, defendant agrees to pay them on goods sold, settled for, and delivered by them only, certain commissions; no commission to be paid on any order not filled, or on any machine returned or taken back, for any cause whatever.    An order for one of the machines described in the foregoing contract, signed by Bates, presumably on a blank furnished by defendant, was taken by plaintiffs at Sioux Falls and promptly forwarded to defendant.    On the day it was taken, plaintiffs wired defendant for separator, without stating for whom it was intended.    The engine ordered was then at Sioux Falls.    Without knowing to whom it would be sold, the officers of defendant, at Port Huron, shipped the separator.    Upon receipt of the Bates order, they directed one Farnsworth to forbid a delivery to Bates unless plaintiffs would endorse the notes which he had agreed to give for the machinery.    This they refused to do, and it was never delivered.    The Bates order contained this clause:    "This order is·

taken subject to approval of the Port Huron Engine & Thresher Company." Testimony was adduced by plaintiffs, evidently for the purpose of showing that Farnsworth was authorized to approve the order on behalf of defendant, and that he did so at Sioux Falls, when it was taken. Testimony tending to disprove this was adduced by defendant. It seems to have been the theory of counsel for plaintiffs that if Farnsworth was authorized to approve the contract, and did so, defendant had no right to require plaintiffs to indorse the notes as a condition precedent to delivery of machinery, and plaintiffs should recover on this cause of action. If such were the issues of fact involved, the court clearly erred in its charge, as neither question was submitted to the jury, On this subject the charge is substantially as follows: "Farnsworth seems to have assumed or arrogated to himself the right to say that the sale should be made, or not be made, possibly under the direction of the company. That is for you to determine. You are to determine his character in this matter. If you find that he was defendant's agent; that the sale was made by plaintiffs, on behalf of defendant; that the representations made in the sale by Bates were true; that plaintiffs were, in all matters connected with the sale, controlled by the provisions of that contract which has been shown you; and that the sale was not completed by defendant because of some reason of defendant which was trivial or unreasonable—the plaintiffs are entitled to recover amount claimed on this sale. On the other hand, if you find the sale was rejected by reason of some act or conclusion reached by defendant within their power under this contract, then plaintiffs are not entitled to recover. You are not to allow any person to avoid his liabilities under the terms of a written contract because of the hardness of its provisions, nor are you to permit the parties to avoid their liabilities because of sympathy, but there must be a reason good and substantial, and within the provisions of the contract, to excuse any of its violations; and, in this connection I instruct you that defendant

cannot avoid this sale upon the grounds of plaintiffs' refusal to indorse Bates' notes, if you find such were the facts, for this contract is an absolute guaranty of this claim, unless plaintffs have defendant's acceptance in writing, which, under this contract, would discharge plaintiffs' liability as guarantor, but it would not avoid defendant's liability to pay these commissions." Under this charge the jury was not required to decide whether Farnsworth had approved the order—a fact concerning which there was a direct conflict in the evidence. They were given no rule of law by which to determine the extent of his authority. In effect they were told to take all the evidence, in connection with the written contract, and find whether plaintiffs had made a sale for defendant according to its terms. They were required to construe a written contract, and determine the law of the case—in view of the undisputed facts, practically directed to return a verdict for plaintiffs.

Unless plaintiffs were entitled to have a verdict directed in their favor, the charge was clearly erroneous. We think they were not. They allege a sale. It is undisputed that none was made. Under the contract, they were not entitled to commissions on an order not filled. The making of the sale was denied. On this issue, plaintiffs wholly failed to sustain their first cause of action. This case forcibly illustrates the wisdom of making a plain and concise statement of the facts constituting the cause of action. Comp. Laws, § 4907. Had plaintiffs alleged the procurement of an order, and defendant's refusal to fill it, the question of defendant's right to refuse—the only vital question in dispute—would have been more carefully considered. Plaintiffs' contention that they have shown the procurement of a purchaser ready and willing to buy, and are entitled to commissions, whether sale was made or not, is untenable, because such a cause of action was neither alleged nor submitted to the jury. Even upon that theory the charge of the court cannot be sustained. It wholly fails to instruct the jury as to what would, under the contract, warrant defendant in re-

fusing to fill an order.   The indorsing of notes by plaintiffs is not contemplated by the contract.   Defendant could not require them to do so, but it could, under certain circumstances, refuse to fill orders.   This is, in effect, what was done in this case, its right to do so being the real controversy between the parties. Whether Farnsworth was authorized to approve, or whether he did approve, the order, is immaterial.   Defendant could approve, and, for good cause, subsequently refuse to fill an order. Whether, under this contract, defendant did not have an absolute right to reject any order, is a question we do not decide; but, taking the view most favorable to plaintiffs, it was a question of fact whether   it was   justified in doing so in this case. It will be presumed that defendant acted in good faith.   Evidently, it was not satisfied with the security offered.   The burden was on plaintiffs to show that this order was one with which defendant should have been satisfied.   We cannot say the evidence was conclusive on this point, and therefore plaintiffs were not entitled to a direction of verdict, upon any theory whatever.

As to the Tyler sale, the facts are undisputed.   Notes were taken in settlement for the machine sold.   But one had been paid when this action was commenced.   It is conceded that no commission was due plaintiffs, unless the proceeds of this note had been received by defendant in cash.   It was, by its terms, payable at Sioux Falls National Bank of Sioux Falls, to which it was sent by defendant without special instructions; indorsed for collection and remittance.   That bank sent it to a bank at Hartford, in this state, indorsed for collection account of Sioux Falls Bank.   There it was paid, but, before its proceeds were remitted to Sioux Falls, they were attached by plaintiffs in this action.   If the Hartford bank was an agent of defendant, defendant had received such proceeds, and plaintiff's claim for commission thereon was due; otherwise, it was not due when this action was commenced.   The jury was, in effect, instructed to find for plaintiffs.   This was correct, if the Sioux Falls

Bank could delegate its powers to the bank at Hartford. Comp. Laws, §§ 4004, 4005. Numerous authorities cited in Exchange Nat. Bank of Pittsburg v. Third Nat. Bank of New York, 112 U. S. 276, 5 Sup. Ct. 141, hold that where a claim is sent for collection to one bank, which forwards it to another for the same purpose, the latter is the agent of the owner, and not of the former bank. These authorities are said to rest on the proposition that, since what is to be done by a bank employed to collect a draft payable at another place cannot be done by any of its ordinary officers and servants, but must be intrusted to a subagent, the risk of the neglect of the subagent is upon the party employing the bank, on the view that he has impliedly authorized the employment of the subagent. Exchange Nat. Bank of Pittsburg v. Third Nat. Bank of New York, *supra.* This doctrine is in harmony with the statute in this state. Comp. Laws, § 4003. However, a contrary conclusion has been reached by courts of the highest respectability. Reeves v. Bank, 8 Ohio St. 466; St. Nicholas Bank, of New York v. State Nat. Bank, 128 N. Y. 26, 27 N. E. 849; Exchange Nat. Bank of Pittsburgh v. Third Nat. Bank of New York, *supra.* Where the note is, as in this case, payable at the bank to which it is sent, without any express authority to employ a subagent, we think, under our statute and the authorities, such bank cannot delegate its powers; and, if the collection is intrusted to another bank, the latter is the agent of the former bank, and has no connection with the owner. For the reasons herein expressed the judgment below must be reversed, and a new trial ordered. All the judges concur.