## MODDIE V. BREILAND.

1. To exclude after trial, without notice to plaintiff, the note sued on and admitted in evidence, is "an irregularity in the proceedings of the court," by which a "party was prevented from having a fair trial" (Comp. Laws, § 5088, Subd. 1,) which cannot be reviewed on appeal; such statutory ground of new trial not having been designated, as required by Sec. 5090, in notice of intention to move for new trial

2. That a note sued on by plaintiff, and excluded for alleged alterations, may be inspected on appeal, it is not enough that it is a part of the bill of exceptions, but plaintiff should, in his abstract, print a *fac simile*, or allege that there was no alteration apparent on its face; and, if not denied by additional abstract, this contention would be conceded, or, if denied, the original could be examined.

3. On proof of the genuineness of the signature to a note, the note should be received in evidence, to be considered with other evidence on the ques

tion of alterations in it, the burden of proof as to the alterations being placed by such proof on the maker.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Lincoln county. Hon. J. W. JONES, Judge.

Action on promissory note. Defendant had judgment, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*C. A. Christopherson* and *John J. Dwyer*, for appellant.

An alteration of an instrument is presumed to have been made before its execution and delivery. Proof of the maker's signature is *prima facie* evidence that the instrument written over it is his act. Wilson v. Hayes (Minn.) 43 N. W. 467. The burden of proving alteration is on the party alleging it, and there is no presumption that it was made after delivery. Hagen v. Ins. Co. (Ia.) 46 N. W. 1114. It was error for the court, after the trial, and in the absence of plaintiff and his counsel, to strike out the evidence and render judgment against plaintiff without first giving him an opportunity to supply other proof. Meyers v. Betts, 5 Den. 81; Healey v. Barnes, 4 Id. 73; Flora v. Carbean, 38 N. Y. 111; Ashbrooks v. Roberts, 6 Ky. L. R.; Newell v. Meyendorf, 8 L. R. A. 440; Pollock v. Wannamaker, 65 How. Pr. 508. The proper practice where testimony is illegally admitted or rejected is to grant a new trial. Neal v. Simmons, 9 S. E. 671; Smith v. Railroad, 15 Neb. 538, 19 N. W. 638.

*Aikens & Brown*, for respondent.

The striking out of the testimony, if error, was harmless. Jones v. Malvern L. Co., 23 S. W. 679; Lauda v. Obert, 25 S. W. 342; McCabe v. Brown, 25 Id. 134; Skelton v. Fenton, etc., Co., 58 N. W. 609; Butler v. Railroad, 54 Id. 208; Seyring v. Eschweiter, 55 N. W. 164; Bianchi v. Magginni, 30 Pac. 1004; Heermace v. Bridgman, 23 N. Y. S. 1058.

HANEY, J. This is an action on a promissory note, alleged to have been executed by Ole T. Breiland, since deceased.

Its execution is denied. At the trial, which was by the court, plaintiff, having shown the genuineness of the signature, offered the note in evidence, to which the following objections were interposed: No proper foundation laid; no proof of delivery by the deceased to plaintiff; and proof upon its face that the note has been altered, such alteration not having been explained. Thereupon plaintiff whose name is the same as the payee of the note, was called as a witness on his own behalf, and the following proceedings were had: "Q. You are the plaintiff in this action? A. Yes, sir. You may explain that appears to be different ink, that different ink was used on that note. (Defendant's counsel objects, for the reason that the witness is not competent to testify; this being in the nature of a personal transaction between the witness in this action and the deceased person who it is claimed executed the note. Overruled.) A. There was a kind of a piece of dirt there. Q. Have you changed the note in any way since it was given? (Same objection on part of defendant. Overruled.) A. No, sir. Q. Has the note, to your knowledge, ever been changed since it was given? (Same objection on part of defendant. Overruled.) A. No, sir. Q. Is the note in the same condition it was when given to you? (Defendant makes same objection. Overruled.) A. It is in the same condition. The court: There appears to be some alteration; three letters written just before the name 'L. J. Moddie,' and then erased. Do you know when that was done? (Defendant objects to this question from the court, for the reasons already stated. Overruled.) A. That means 'Mr.' but I scratched that; not general. I thought that was not a common thing, so I scratched it out. The court: Was that before the note was signed? (Defendant makes same objection. Overruled.) A. Yes, sir." Plaintiff then renewed his offer; the same objections were made, which were overruled; and the note was received. No testimony was offered by defendant. His motion to strike out plaintiff's evidence, for the reasons stated in the foregoing objections, was denied, and the trial

closed. Subsequently, and in the absence of plaintiff and his attorney, and without notice to either, the court reconsidered its rulings, excluded the note, and rendered a decision in favor of defendant, who had judgment. Plaintiff's motion for a new trial was denied, and he appealed.

The objections to the introduction of the note might have been removed if plaintiff had been given an opportunity. To receive it and subsequently exclude it, without notice, was an irregularity in the proceedings of the court, by which plaintiff was prevented from having a fair trial, and cause for a new trial (Comp. Laws, § 5088), but it was not designated in the notice of intention, and therefore cannot be considered by this court. Only two statutory grounds (the sixth and seventh) are mentioned in the notice of intention. The irregularity complained of clearly belongs to the first. Comp. Laws, § 5088. A party intending to move for a new trial must serve upon the adverse party a notice of his intention, designating the statutory grounds upon which the motion will be made. Comp. Laws, § 5090. Such grounds should be stated in the language of the statute, and only such as are stated can be considered by the court below, or upon appeal. It will, therefore, be necessary to regard the record as if the plaintiff offered such preliminary proof as he desired and the note was excluded during the trial.

Did the court err in excluding the note? There was competent uncontradicted evidence of the genuineness of the signature. Possession by the apparent payee was presumptive evidence of delivery. Hence the only question is in relation to the alleged alteration. The original note is a part of the bill of exceptions, but not subject to the inspection of this court. Plaintiff should have printed in his abstract a *fac simile*, or have alleged that there was no alteration apparent upon its face. If not denied by an additional abstract, his contention would have been conceded, or, if denied, the issue thus raised would have required an examination of the original instrument.

In its decision the trial court found as facts, (1) The note bears upon its face indications of material alterations in this: (a) The amount of money specified in writing in the body of the note is written in a heavier hand than the remainder of the note (save as hereinafter stated), and for the apparent purpose of covering up the letter and altering the amount formerly written therein. (b) The amount of money specified in figures in the left hand upper corner of the note so offered is also made in a heavier hand than the remainder of the note (save as hereinbefore stated), and apparently for the purpose of covering up the figures formerly made therein, and changing the amount specified thereby." (2) Such alterations are material. Objection for that reason having been duly made, the note was not admissible until the alterations were satisfactorily explained by competent evidence. (3) No competent evidence was offered to explain such apparent material alterations. The note being for that reason inadmissible, there is no evidence the note offered is the note sued upon. In the absence of the original instrument, we will presume its appearance is correctly described in the decision of the trial court, and consider its ruling with reference to the facts stated therein.

The question of presumption and burden of proof, where interlineations or erasures appear on the face of an instrument, is one upon which there is a wilderness of authorities and much conflict of opinion. Any attempt to cite or consider the innumerable cases on this question would be both impracticable and useless. We are of the opinion that the correct rule is that the burden is upon the maker to show that the alteration was made after delivery; or, to state the proposition with more decision, the proof or admission of a signature of a party to an instrument is *prima facie* evidence that the instrument written over it is his act, and this *prima facie* evidence will stand as binding proof, unless the maker can rebut it by showing by evidence that the alteration was made after delivery, and that the question when, by whom, and with what intent the alteration was

made is one of fact, to be determined by the court or jury upon the whole evidence, intrinsic and extrinsic. Upon proof of the genuineness of the signature the instrument should be received in evidence; and upon such evidence and any other which may be received, the court or jury should determine whether the alteration was made after delivery, and, if so, whether it was made without the consent of the maker. Wilson v. Hayes, 40 Minn. 531, 42 N. W. 467; Neil v. Case, 25 Kan. 510; 2 Daniel, Neg. Inst. § 1421; Comp. Laws, 3595. In the case at bar the note should have been received, and from all the evidence, including that offered by the appearance of the writing, the court should have determined when, by whom, and under what circumstances it had been altered. Not having done so, we think the judgment must be reversed. It is so ordered.