## COSGROVE *v.* FANEBUST *et al.*

1. Proof of the due execution of a note which bears on its face no appearance of alteration is a sufficient foundation for its admission in evidence, and casts on defendant the burden of proving an alteration, and that it was made after the note was executed.

2. In a suit to foreclose a mortgage alleged by defendants to contain erasures and interlinations made after its execution, no preliminary inquiry, other than as to the genuineness of the signatures, is essential to the admission of the mortgage in evidence.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action to foreclose a real estate mortgage. Plaintiff had judgment, from which, and from an order denying a motion for a new trial, certain of the defendants appeal. Affirmed.

The facts are stated in the opinion.

*Joe Kirbg* and *J. G. Eddy*, for appellants.

*Melvin Grigsby* and *Davis, Lyon & Gates*, for respondent.

FULLER, J.   This action to foreclose a mortgage on real property, and obtain a deficiency judgment, resulted in a decree

as prayed for and the defendants appeal therefrom, and from an order overruling a motion for a new trial.

After proving the signatures of the makers, by a witness who saw the defendants place them on the notes to secure which the mortgage was executed, the same were introduced in evidence, over the following objection: "Defendants' counsel object, as incompetent; no foundation laid." These notes are of even date, and, being upon printed forms or blanks, are but partially in writing. On each note, immediately following and directly under the last printed line, is written, "This note shall draw 10 per cent per annum after maturity;" and the same appears to be written by the person who drew all the notes, none of which bear upon their faces any evidence of an alteration, either before or after appellants placed their signatures thereon. Proof of execution was certainly a sufficient foundation for their admission in evidence, and the burden of proof was upon appellants to show that the instruments have been altered as claimed. Moddie v. Breiland (S. D.) 70 N. W. 637; Implement Co. v. Solomon, Id. 639; Landauer v. Implement Co. (10 S. D. 205) 72 N. W. 467.

Upon the face of the mortgage, the written part of which was, together with the notes, prepared by the witness Youngblood, a pen was drawn across the printed word "Paid," and above the line in which it appears was written, "Due and ten per cent after maturity." Concerning the erasure of the word "Paid," and the interlineation above indicated, the mortgagee named in the instrument testified, in substance, that after Mr. Youngblood had prepared the papers, but before they were presented for the signatures of appellants, he drew his pen across the word "Paid," and wrote the expression, "Due and ten per cent after maurity," for the purpose of conforming the description of the notes contained in the mortgage to the recitals of those instruments as written by Mr. Youngblood, who was not in any manner acting for him in the transaction. After this preliminary proof, the mortgage was admitted in evi-

idence, over the objection that the same is "incompetent; no foundation laid for the introduction of any such evidence; shows on the face thereof that the same has been altered, or would appear to be, after it was signed, and no sufficient explanation offered." The evidence conclusively shows that the notes contain no written recital not placed thereon by Mr. Youngblood, and the fact that no alteration was made after the execution thereof is fully established by a clear proponderance of testimony and corroborating circumstances. Under the decisions of this court, *supra*, no preliminary inquiry, other than as to signatures, was necessary to the proper admission of the mortgage in evidence. If, as claimed, there were alterations, erasures and interlineations upon the mortgage, that instrument was the best evidence of what appeared upon its face, and the admission thereof for the inspection of the court and jury was eminently essential to a correct determination of the controversy. The explanation given by the mortgagee, when considered with other facts and circumstances in evidence, fully justifies the conclusion that no alteration was effected either in the notes or in the mortgage after being executed by appellants.

The question as to the time of writing the line, "This note shall draw ten per cent per annum after maturity," being submitted to the jury, under a charge that the burden was upon defendants to show that the alteration claimed was made after the notes were executed, a special verdict was returned in plaintiff's favor, and the defendants' exception to the foregoing instruction is the basis for an assignment of error. As the instruction accords with the law of the case as announced in the decisions of this court above cited, and the record contains no error, the judgment appealed from is affirmed.