### SHERMAN *et al.* v. PORT HURON ENGINE AND THRESHER COMPANY.

1. A contract between principal and agent provided that the principal should furnish the agent with machines to fill orders, and that the agent would deliver no machines until the orders therefor were accepted by the principal, and that the agent should receive a commission on machines sold, settled for, and delivered, but that no commission should be paid on any order not filled.  The agent forwarded an order for a machine, which the principal refused to fill, and the agent sued for commissions as for a completed sale.  *Held,* that the principal did not have an absolute right to reject the order, and hence the exclusion of evidence as to the purchaser's readiness to comply with the order, and the direction of a verdict for the principal after the agent had introduced testimony tending to prove that the principal should have been satisfied therewith, was error.

2. The law as announced by the supreme court in an opinion reversing a judgment and ordering a new trial will be adhered to on an appeal therefrom, though erroneously stated, since it would be unjust to litigants for the supreme court to express its opinion on a subject likely to arise on second trial, and adopt a different view on the second appeal.

3. On an issue as to the terms of a note at the time it was sent to a bank for collection, it was error to sustain an objection to the introduction of a note on a retrial of the action after an appeal on the ground that it had been altered by an erasure, and that no other note could be introduced

than the one contained in the bill of exceptions settled after the former trial, and to again exclude the note after a witness had testified that it was in the same condition as at the time of its execution, since the record of the former appeal was not conclusive of such question, and whether the note had been altered was a question for the jury.

FULLER, P. J., dissenting.

(Opinion filed April 3, 1900.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Action for commissions by P. F. Sherman and others, co-partners, against the Port Huron Engine & Thresher Company. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

*Rochford & McMahon,* for appellants.

*Bailey & Voorhees,* for respondent.

HANEY, J.  A judgment for plaintiffs in this action was reversed on a former appeal. 8 S. D. 343, 66 N. W. 1077. Plaintiffs allege in their amended complaint for a first cause of action, that they were employed by defendant to procure purchasers of threshing machines; that they procured a purchaser in the person of Frank Bates, who was ready, able, and willing to purchase a threshing outfit, and from whom they procured an order for such outfit, in conformity with their contract and employment; that defendant wrongfully and without cause refused to fill such order; that had such order been filled, and the outfit delivered, plaintiffs' compensation under their contract would have been $470, no part of which has been paid.  They allege as a second cause of action that under their contract of employment they effected a sale to one Tyler and others, who settled with defendant, giving their

notes, one of which was for $370.50; that before this action was begun this note was paid, the amount received thereon by defendant being $409.25; and that there was due to plaintiffs upon the payment of this note the sum of $81; no part of which has been paid. Defendant alleges that the employment was under a written contract, admits that no machinery was delivered to Bates, and denies the other allegations of the first cause of action. The sale to Tyler is admitted, but defendant denies that it had received any proceeds of the note mentioned in the complaint when this action was commenced. The court below directed a verdict for defendant, and refused a new trial, and plaintiffs appealed.

Plaintiffs were located at Sioux Falls, in this state; defendant, at Port Huron, Mich. In the written contract, defendant agrees to furnish plaintiffs with certain machinery to fill orders in conformity, with such contract, so long has it has goods on hand not engaged, to be sold on commission, subject to the terms and conditions of the contract. Plaintiffs agree that they will take orders for machines, on blanks furnished by defendant, promptly sending original to defendant, keeping a copy, and delivering a copy to purchaser, and thereby guaranty the payment of notes taken for goods at maturity, or at any time thereafter, waiving demand and notice of protest and nonpayment (the written contract to be sufficient evidence of said guaranty), unless plaintiffs have received, in writing, defendant's acceptance of order before delivery of goods. Plaintiffs agree not to deliver any machinery until the same is fully settled for by purchaser as required in the order and in the contract, and until acceptance by defendant. In case of nonfulfillment of last clause. plaintiffs to pay for machinery in cash, on demand,

the full list price therof, with interest from day of delivery; defendant to pay for services rendered, or costs and expenses incurred on account of such delivery. In consideration of the faithful performance by plaintiffs of the contract, defendant agrees to pay them, on goods sold, settled for, and delivered by them, only, certain commissions; no commission to be paid on any order not filled, or on any machine returned or taken back, for any cause whatever. An order for one of the machines described in the foregoing contract, signed by Bates, presumably on a blank furnished by defendant, was taken by plaintiffs at Sioux Falls, and promptly forwarded to defendant. On the day it was taken, plaintiffs wired defendant for a separator, without stating for whom it was intended. The engine ordered was then at Sioux Falls. Without knowing to whom it would be sold, the officers of defendant at Port Huron shipped the separator. Upon receipt of the Bates order, they directed one Farnsworth to forbid a delivery to Bates unless plaintiffs would indorse the notes which he had agreed to give for the machinery. This they refused to do, and it was never delivered. The Bates order contained this clause: "This order is taken subject to approval of the Port Huron Engine and Thresher Company."

As the record now before us contains the same contract of employment that was presented by the former appeal, the interpretation then given it by this court is the law of the case, and must be followed at this time. Wright v. Lee, 10 S. D. 263, 72 N. W. 895; Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8. S. D. 375, 66 N. W. 1073. This court then said: "The indorsing of notes by plaintiffs is not contemplated by the contract. Defendant could not require them to do so,

but it could, under certain circumstances, refuse to fill orders. This is, in effect, what was done in this case; its right to do so being the real controversy between the parties. Whether Farnsworth was authorized to approve, or whether he did approve, the order, is immaterial. Defendant could approve, and, for good cause, subsequently refuse to fill. an order. Whether, under this contract, defendant did not have an absolute right to reject any order, is a question we do not decide; but, taking the view most favorable to plaintiffs, it was a question of fact whether it was justified in doing so in this case. It will be presumed that defendant acted in good faith. Evidently it was not satisfied with the security offered. The burden was on plaintiffs to show that this order was one with which defendant should have been satisfied. We cannot say the evidence was conclusive on this point, and therefore plaintiffs were not entitled to a direction of verdict, upon any theory whatever." 8 S. D. 343, 66 N. W. 1077. Adhering to the views thus expressed, we now hold that defendant did not have an absolute right to reject the Bates order. Richison v. Mead, 11 S. D. 63, 80 N. W, 131, Evidence was offered on the second trial tending to prove that it was an order with which defendant should have been satisfied. Whether defendant wrongfully and without cause refused to fill such order was an issue of fact which should have been submitted to the jury. If Bates was ready, able, and willing to comply with its terms, and if, under all the circumstances, a reasonably prudent person engaged in the sale of such machinery would have accepted it, plaintiffs are entitled to recover the compensation they would have earned had the order not been rejected. The court erred in excluding evidence of Bates' readiness to comply with the order, and erred in directing a verdict for defendant.

As to the second cause of action, it is conceded that notes were taken in settlement for the machinery sold, that one had been paid by the makers when this action was begun, and that no commission was due plaintiffs, unless the proceeds of this note had been received by defendant in cash.   It appeared from the record on the former appeal that this note "was, by its terms, payable at Sioux Falls National Bank of Sioux Falls, to which it was sent by defendant without special instructions, indorsed for collection and remittance.   That bank sent it to a bank at Hartford, in this state, indorsed for collection account of Sioux Falls Bank.   There it was paid, but, before its proceeds were remitted to Sioux Falls they were attached by plaintiffs in this action."   And this court said:   "If the Hartford bank was an agent of defendant, defendant had received such proceeds, and plaintiff's claim for commission thereon was due; otherwise it was not due when this action was commenced.   The jury was, in effect instructed to find for plaintiffs.   This was correct, if the Sioux Falls Bank could delegate its powers to the bank at Hartford.   Comp. Laws, §§ 4004, 4005.   Numerous authorities cited in Exchange Nat. Bank of Pittsburgh v. Third Nat. Bank of New York, 112 U. S. 276, 5 Sup. Ct. 141, 28 L. Ed. 722, hold that where a claim is sent for collection to one bank, which forwards it to another for the same purpose, the latter is the agent of the owner, and not of the former bank.   These authorities are said to rest on the proposition that since what is to be done by a bank employed to collect a draft payable at another place cannot be done by any of its ordinary officers and servants, but must be intrusted to a sub-agent, the risk of the neglect of the sub-agent is upon the party employing the bank, on the view that he has impliedly authorized the employment of the sub-

agent. Exchange National Bank of Pittsburgh v. Third Nat. Bank of New York, *supra.* This doctrine is in harmony with the statute in this state (Comp. Laws, § 4003). However, a contrary conclusion has been reached by courts of the highest respectability. Reeves v. Bank, 8 Ohio St. 466; St. Nicholas Bank of New York v. State Nat. Bank, 128 N. Y. 26, 27 N. E. 849, 13 L. R. A. 241; Exchange Nat. Bank of Pittsburgh v. Third Nat. Bank of New York, *supra.* Where the note is, as in this case, payable at the bank to which it is sent, without any express authority to employ a sub-agent, we think, under our statute and the authorities, such bank cannot delegate its powers; and, if the collection is intrusted to another bank, the latter is the agent of the former bank, and has no connection with the owner." The law as thus announced should be adhered to upon this second appeal in the same action, although, if convinced it was erroneously stated, we might refuse to follow it in another action. See authorities on the law of the case heretofore cited. Nothing could be more unjust to litigants than for this court, in remanding a cause for further proceedings, to express its opinion upon any subject likely to arise upon a second trial, and, after parties have accepted and relied upon such opinion. adopt a different view upon a second appeal. We must therefore hold that. if this note was not payable at Sioux Falls the Sioux Falls Bank was authorized to employ a sub-agent, and payment to such sub-agent was payment to defendant,

When offered in evidence, the note was in the following form: "$397.50. Sioux Falls, S. D., Aug. 22, 1893. On or before the 1st day of November, 1893, I, the subscriber, of the town of Hartford, county of Minnehaha, state of S. D., promise

to pay to Port Huron Engine & Thresher Company, or order, three hundred ninety-seven 50-100 dollars at the  *  *  *, with exchange, for value received, with interest at the rate of ten per cent. per annum from date until paid; provided, that this note is fully paid on or before maturity, it shall draw interest from date at the rate of 7 per cent. Interest payable annually. [Signed] John G. Tyler [and others]." Defendant objected to its introduction on the ground that it had been altered by the erasure of the name of the bank at which it was payable, and that no other note could be introduced than the one contained in the bill of exceptions settled after the former trial. In connection with this objection, the former bill of exceptions, containing a copy of a note corresponding with the writing offered on the second trial in all respects, except the words "Sioux Falls Nat. Bank of Sioux Falls, So. Dak.," which did not appear upon the face of plaintiffs' offer, was presented to and considered by the court. The objection was sustained. Subsequently one of the plaintiffs testified that the note was in the same condition at the time of the trial that it was in at the time of its execution; that the blank at the left of the words "with exchange, for value received," was blank at the time it was executed. Thereupon the note was again offered and excluded. It should not have been excluded on the ground of an alleged alteration, especially after evidence had been produced showing it was in the same condition as when executed. Moddie v. Breiland, 9 S. D. 506, 70 N. W. 637. Nor should it have been excluded because it did not conform to the record made for the purpose of appeal after the former trial. If that record could not be changed, there was no need of a new trial. It may or may not contain a true copy of the instrument introduced at

the first trial. The note offered at the last trial may or may not have been the same instrument that was received in evidence during the first trial. The weight of the record as an admission depends upon the circumstances attending its settlement. The difference between its language and the language of the writing offered on the second trial might be explained in many ways entirely consistent with honesty and fair dealing. The material inquiry was this: What were the terms of the note when it was sent to the Sioux Falls Bank for collection? Whether it had been subsequently altered was a question for the jury, not the court, to determine. Moddie v. Breiland, *supra*; Williams v. Railroad Co. (N. Y. App.) 49 N. E. 672. The judgment of the county court is reversed, and a new trial ordered.

FULLER, P. J., dissenting.