## NORTHWESTERN MORTGAGE TRUST COMPANY v. LEVTZOW et al.

Where the tax deed under which defendant claimed was issued in August, 1897, and was fair on its face, and there was no defect, jurisdictional or otherwise, in the procedure leading up to its issuance, an action to quiet title brought by the former owner on July 25, 1906, was barred by Rev. Pol. Code, § 2214, prohibiting such actions unless brought within three years of the recording of the tax deed.

In absence of contrary evidence, an erasure in a deed is presumed to have been made prior to, or contemporaneous with, its execution, and such presumption is stronger where the instrument is the act of a public officer, who is presumed to have done his duty.

Rev. Pol. Code, § 2213, requires a tax deed to be executed by the county treasurer under his hand, etc., but does not expressly require a seal. Rev. Civ. Code, § 1243, abolishes all distinctions between sealed and unsealed instruments, and section 939 provides that the absence

of. the grantor's seal shall not impair the grant. **Held,** that as the statute abolished distinctions between sealed and unsealed instruments, except as to the statute of limitations, the absesnce of a seal from. a tax deed would not affect its validity, though the form prescribed by statute contained the word "seal" after the treasurer's name; the deed not being affected in any way by any statute of limitations.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Hand County. Hon. LYMAN T. BOUCHER, Judge.

Action by the Nortwestern Mortgage Trust Company against Henry Levtzow and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Sterling & Clark,* for appellant. *Frank Turner,* for respondents.

McCOY, J. This is an action to quiet title by the owner of the fee as against a tax deed. Defendants claim title through a tax deed issued on the 2d day of August, 1897, to one Blackman, for the land in question which is situated in Hand county. This action was commenced on the 25th day of July, 1906. The defendants, after pleading title under the Blackman tax deed, also, among other things, pleaded the three-year statute of limitations provided for by section 2214, Rev. Pol. Code. A careful examination of te record discloses no jurisdictional defect in the tax procedure preceding the tax sale and issuance of said tax deed, which deed is fair on its face. The facts in this case are very similar to those in the case of Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, and this case must be governed by that decision. The three-year statute of limitations is a complete bar to this action.

On the face of the tax deed offered in evidence certain words, constituting a clause, appear to have been erased by the drawing of a pen lengthwise through such words. It is contended by appellant that from the fact of this erasure so appearing on the face of said tax deed that it renders said tax deed suspicious, and casts the burden of proof on respondents to show the time when and the circumstances how such erasure came to exist. It has heretofore been held by this court that, in the absence of other evidence to the contrary, such an erasure is presumed to have been made prior to or contemporaneous with the execution of the instrument. Moddie v. Breiland, 9 S. D. 506, 70 N. W. 637; Bank v. Feeney, 12

S. D. 156, 80 N. W. 186, 46 L. R. A. 732; Cosgrove v. Fanebust, 10 S. D. 213, 72 N. W. 469. And this presumption is stronger where the instrument is the act of a public officer who is presumed to act lawfully and do his duty, and who has no personal interest in the transaction. 2 Cyc. 242. There is no evidence in the record that would disturb or change this presumption.

The appellant also contends that the tax deed is irregular and void because not in the statutory form prescribed by section 2213, Rev. Pol. Code. The only particular wherein the deed in question is not as prescribed by the form is that the "[Seal]" after the name "Peter Olson, Treas.," is omitted. It will be observed that section 2213 provides that the "said deed shall be executed by the county treasurer under his hand," etc., not under his hand and seal, but under his hand only, although the "[Seal]" appears in the prescribed form. It will also be remembered that all distinction between sealed and unsealed instruments has been abolished in this statute (section 1243, and section 939, Rev. Civ. Code), except as to the statute of limitations. Gibson v. Allen, 19 S. D. 617, 104 N. W. 275. There is no possible action that might be maintained on any of the terms or conditions of this tax deed by or against any of the parties thereto, or any of their successors in interest, that could in any possible way be affected, or that might by any possibility affect any statute of limitations by the omission or absence of the "[Seal]" from the instrument in question. The absence of the "[Seal]" would have no more effect on the legal status of the said instrument than would the omission of one of the periods or one of the commas appearing in the punctuation of this statutory form.

No error appearing in the record, the judgment of the circuit court is affirmed.