## MAX SCHLESINGER v. TALBERT ERICKSON.[1]

June 11, 1926.

No. 25,396.

**Burden of proving alteration on face of promissory note.**

The burden of proof that a material alteration, apparent upon the face of a note, was made after delivery is upon the defendant asserting it.

Alteration of Instruments, 2 C. J. p. 1275 n. 27.

---

See note in 39 L. R. A. (N. S.) 103; 1 R. C. L. p. 1041; 1 R. C. L. Supp. p. 313; 4 R. C. L. Supp. p. 67; 5 R. C. L. Supp. 59.

[1]Reported in 209 N. W. 632.

Action in the district court for Dakota county upon a promissory note. The case was tried before Schultz, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*William M. Serbine,* for appellant.

*Lewis C. Shepley,* for respondent.

DIBELL, J

Action upon a promissory note. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or a new trial. The assignments of error go to the charge. There is no real claim that the defendant was entitled to judgment notwithstanding.

There was an alteration of the note by the insertion of the name of the plaintiff in place of the name of his brother which was erased. The alteration was apparent. The defendant claimed that it was made after delivery; the plaintiff that it was made before. The court charged the jury that the burden of proving that the alteration was made after execution was upon the defendant. This ruling is in accordance with the holding in Wilson v. Hayes, 40 Minn. 531, 42 N. W. 467, 4 L. R. A. 196, 12 Am. St. 754, where Mr. Justice Mitchell, having in view practical methods of doing business resulting in frequent alterations of writings as a matter of convenience, and infrequently for purposes of fraud, held that the burden should rest as stated. The same considerations apply quite as forcefully now.

We cite the following in which Wilson v. Hayes was approved: Klein v. German Nat. Bank, 69 Ark. 140, 61 S. W. 572, 86 Am. St. 183; Colby v. Foxworthy, 80 Neb. 239, 114 N. W. 174; Cass County v. American Exch. State Bank, 9 N. D. 263, 83 N. W. 12; Moddie v. Breiland, 9 S. D. 506, 70 N. W. 637; Franklin v. Baker, 48 Oh. St. 296, 27 N. E. 550, 29 Am. St. 547. The statute relative to the alteration of negotiable instruments, G. S. 1923, §§ 7167-7168 (Neg. Inst. Act, §§ 124, 125), has nothing to say of the burden of proof.

Holdings under it differ.   5 U. L. A. 460-462.   There is a diversity of decision among the states with some tendency to draw distinctions and refinements.   1 R. C. L. 1041, §§ 74-77; 2 C. J. pp. 1267-1291, §§ 179-216; note, 39 L. R. A. (N. S.) 100; Dec. Dig. Alt. Inst. § 27 (1-3); 2 Cent. Dig. Id. §§ 230-239.   The rule adopted in this state is well supported in other jurisdictions.

Order affirmed.