LANGAN, Respondent v. VAN DUSEN, Appellant

(108 N.W.2d 470)

(File No. 9834. Opinion filed April 13, 1961)

**H. I. King,** Aberdeen, for Defendant and Appellant.

**Elmer Thurow,** Aberdeen, for Plaintiff and Respondent.

RENTTO, J.  This is a statutory action to determine adverse claims to real estate in the city of Aberdeen, South

Dakota, in which the decisive question is whether defendant sold the property involved to the plaintiff's grantor or only leased it to him.

In his complaint plaintiff claimed that he was the fee owner and entitled to the possession of lots 4 and 5 in Block 17, Highland Park Addition to said city. In addition to the general allegations permitted by our statute he alleged that the defendant at one time had an interest in the property but that she sold such interest to Roy Hermanson and that he then sold and conveyed the same to the plaintiff. In her answer defendant denied generally the allegations of the complaint and asserted that she was the owner in fee of the property and entitled to its possession and asked that she be adjudged its owner. The trial court made findings and conclusions favorable to the plaintiff and entered judgment quieting title in him. She appeals from the judgment.

The record title to this property was conveyed to the defendant Jean Van Dusen in 1945 and 1948. In 1949 she started an action to determine adverse claims to it which culminated in a judgment declaring her to be the fee owner. The next conveyance of record is a deed in 1954 from Roy Hermanson and his wife to the plaintiff. There is nothing of record showing any transfer of title from Jean Van Dusen to Hermanson or his wife, but it is undisputed that Hermanson was in possession of the property during a part of 1950, 1951 and a part of 1952. Plaintiff's version is that Hermanson went into possession of it under a contract to buy it from the defendant. In her testimony she denied that she had ever contracted to sell the property to him and claimed that he had rented it from her for the period of his possession.

The court found that on April 24, 1950, the defendant agreed with Hermanson to sell him the property and a memorandum of that agreement was made and subscribed by her describing the property, stating the amount of the sale price, and the terms of the payment. It also found that pursuant to the contract he took possession of

the property, paid the purchase price in full in accordance with the agreement and became the owner of it. While numerous errors are assigned, the defendant's argument in this court in effect urges only that the evidence is insufficient to support these findings. In determining the validity of this contention we must view the facts and the inferences which can fairly be drawn therefrom in the light most favorable to the findings.

As establishing his version plaintiff produced Exhibits 1 and 2. They are standard forms of printed rent receipts with blanks to be filled in. On the first of these which is dated April 24, 1950, evidencing the receipt of $20 from Roy Hermanson, appear these words and figures in the handwriting of the defendant:

"Twenty dollars for lot 4—5 around 90 ft for $250.00 Block, 17—Highland park add. Monthly payments of $15.00 or more. Bal. $230.00."

This is signed by the defendant.

In the body of the instrument the printed word "Rent" has a line, or lines, drawn through it apparently of the same color as the handwriting. On the receipt is also printed the word "Ending" with a blank space after it. Obviously this is provided to facilitate indicating the end of the rental period for which the payment was made. No such designation appears thereon. The word "Ending" has lines drawn through it and the blank after it contains some of the writing above quoted. The printed words "Rent Receipt" appearing at the left-hand edge of the exhibit and parallel to it have been similarly stricken. On the reverse side of the exhibit are endorsed in the defendant's handwriting 19 payments and the amounts thereof.

Exhibit 2 is an identical printed receipt form, dated March 21, 1952, acknowledging full receipt of Roy Hermanson. Written on it in the handwriting of the defendant is this statement: "Full payment on lots 4—5 Highland park add. Block 17." The printed words "Rent" and "Rent Receipt" have lines drawn through them as they did in Ex-

hibit 1. It is signed by the defendant and under her signature is written in her handwriting "Except taxes. $7.09." This probably has reference to the first half of the taxes for the year 1951 which she paid on the premises on February 8, 1952 in the sum of $7.09 as shown by one sheet of her Exhibit 5, page 116 E of the settled record.

■ These exhibits were sufficiently authenticated for admission into evidence by defendant's pre-trial stipulation that she executed them. Moddie v. Breiland, 9 S.D. 506, 70 N.W. 637. When they were received in evidence there was no proof as to the lines drawn through the printed words except that disclosed by the instruments themselves. Accordingly, it is presumed at that stage of the trial that such lines were drawn through the printed words prior to or contemporaneously with the execution of the exhibits. Northwestern Mortgage Trust Co. v. Levtzow, 23 S.D. 562, 122 N.W. 600; Hornblower v. City of Pierre, D.C., 231 F. 496. From these exhibits the court could very properly conclude that the parties entered into the contract recited in the findings. Of course the maker may submit evidence to rebut this presumption, and if he does then the question when, by whom, and with what intent the alterations were made is one of fact to be determined by the trier on the whole record. Moddie v. Breiland, supra.

■ Hermanson's whereabouts at the time of the trial, and for some time prior thereto, were unknown. Consequently his testimony was not available. In testifying about Exhibits 1 and 2 defendant claimed that when she signed them no lines were drawn through any of the printed words, although some of her testimony on this point tends to impeach her denial. Even if that were the situation, the trial court could reasonably view the written provisions as being inconsistent with the printed provisions in which case that interpretation is preferred which gives effect to the written provisions. Restatement, Contracts, § 236(e). This situation too would support the theory that the parties made a contract to sell rather than a lease

agreement. Incidentally this rule from Restatement formerly had statutory recognition in this state. See § 881, Rev. Code 1919. The elimination of this recognition by our 1939 Code revision does not vitiate the rule.

■ ■ Defendant, in addition to denying that she ever sold these lots to Hermanson, testified that she rented them to him for a two-year period for $250. Two other witnesses in corroboration of her position each testified to an admission made by Hermanson that he was only renting the property. Pertinent to the reasonableness of her testimony is her admission that about the time of the transaction here involved she sold the adjoining four somewhat similar lots for $650. A witness for the plaintiff testified to an admission made by the defendant that she had sold the lots to Hermanson. Obviously the finding that a trial court would make on this and the other evidence submitted will depend on his evaluation of the credibility of the witnesses. A finding made under these circumstances must stand unless we can say that the evidence clearly preponderates against it. In this case we cannot say that it does.

■ The defendant makes the further claim that the evidence fails to establish a contract because there is nothing to show an express agreement on her part to convey the property to Hermanson. While the obligation to convey may be stipulated in the contract it does not depend on the agreement of the parties. It is imposed by law. SDC 51.1418 states: "An agreement to sell real property binds the seller to execute a conveyance in form sufficient to pass the title to the property." See also Boekelheide v. Snyder, 71 S.D. 470, 26 N.W.2d 74.

The judgment is affirmed.

All the Judges concur.