Ted AHL and Ruth Ahl, Plaintiffs and Appellees,

v.

David ARNIO and Kay M. Arnio, Defendants and Appellants.

No. 14900.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 1985.

Decided June 11, 1986.

Jon Mattson of Driscoll, Mattson, Rachetto & Christensen, Deadwood, for plaintiffs and appellees.

Thomas E. Adams of Voelker and Adams, Deadwood, for defendants and appellants.

MORGAN, Justice.

Defendants, David and Kay Arnio (David and Kay), appeal from summary judgment

entered against them in a quiet title action. We reverse and remand.

In May of 1964, Arnold and Hazel Arnio (Arnold and Hazel), entered into a purchase contract to sell real property in Lawrence County, South Dakota, to Ted and Ruth Ahl (Ahls). The property was described in the contract as follows: "A tract of ground comprising approximately two acres situated on the north side of the C.B. & Q. Railroad tracks starting approximately four hundred feet east of the Arnold Arnio residence, being located on Mineral Survey No. 107 in Lawrence County, South Dakota, subject to the present right of way and road across said premises." This property is further described as Tract X Mineral Survey No. 107. The agreement provided that Arnold and Hazel were to convey the above-described property to Ahls for the purchase price of $2,000, with a $500 down payment and the balance to be paid in two separate payments before September 15, 1964. A quit claim deed describing the property was drawn by Arnold and Hazel on May 20, 1964, to be delivered to Ahls at the time the final payment was made.

According to the Ahls, approximately one month after the purchase contract was executed Arnold and Hazel agreed to sell an additional tract of land to Ahls for $500. In September 1964, Arnold and Hazel and the Ahls met for the purpose of finalizing the transaction. At this time, Ahls paid the remaining $1,500 owing on the May 20th purchase contract, plus an additional $500 for the additional land. According to testimony of Ted Ahl, at this time Arnold changed the 400 feet description in the deed to 40 feet by scratching out the last zero. This alteration increased the property Ahls received by approximately one acre.

The May 20, 1964, deed was properly executed and acknowledged; however, Arnold's alteration of the legal description on the deed on September 17 was not separately acknowledged by a notary public. The deed was delivered to Ahls on September 17 and recorded in the office of the Lawrence County Register of Deeds on September 29, 1964.

Ahls have been in continuous and uninterrupted possession of the entire tract including the disputed area since September 17, 1964, and have expended money, time, and have placed structures and buildings on the property.

According to David, Arnold died in either 1970 or 1971. Hazel died in 1982. In the process of settling Arnold's estate in 1976, David and Kay acquired David's parents' interests in that portion of Mineral Survey No. 107 not sold to Ahls.

In 1983, a dispute arose concerning the boundaries of the various properties. Ahls instituted this action to quiet title in themselves. Both parties made motions for summary judgment and the trial court granted Ahls' motion. As their first issue, David and Kay contend the trial court erred in granting Ahls' motion for summary judgment.

■■■■ "In reviewing the trial court's order granting summary judgment we premise our decision on the principle that affirmance of such a judgment is proper if there exists any basis which would support the trial court's ruling." *Gross v. Connecticut Mut. Life Ins.,* 361 N.W.2d 259, 264 (S.D. 1985) (citations omitted). This court considers six guidelines when reviewing a summary judgment: (1) The evidence must be viewed most favorably to the nonmoving party; (2) the burden of proof is on the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (3) summary judgment is not a substitute for a court trial or for trial by jury where any genuine issue of material fact exists; (4) surmise that a party will not prevail upon trial is not sufficient basis to grant summary judgment on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious that it would be futile to try them; (5) summary judgment is an extreme remedy which should be awarded only when the truth is clear and reasonable doubts touching the existence of the genuine issue as to a material fact should be resolved against the movant; and (6) when no genuine issue of fact ex-

ists, summary judgment is looked upon with favor and is particularly adaptable to expose sham claims and defenses. *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968). Equitable actions are not usually suited for summary disposition. *Id.*

David and Kay contend that the amount of land sold to Ahls was approximately two acres; whereas, the altered deed and the trial court's summary judgment order provide for approximately three acres to be given to Ahls. In support of this contention, David testified that his father told him that he had sold a portion of the ground to Ahls (the two acres) and that he had also loaned a piece of ground for the use of the Ahls during their lifetime (the extra acre).

▬ Initially, it should be noted that the making of cross-motions for summary judgment does not remove from consideration the primary question of whether there are any genuine issues of material fact. "Each of the moving parties merely 'concedes and affirms that there is no issue of fact only for purposes of his own motion.'" *Salmon v. Bradshaw,* 84 S.D. 500, 504, 173 N.W.2d 281, 284 (1969) (citation omitted). *See also Biby v. Union National Bank of Minot,* 162 N.W.2d 370 (N.D.1968).

In their complaint, and through David's deposition, David and Kay allege that the May 20, 1964, agreement provided for approximately two acres to be sold to Ahls beginning 400 feet east of Arnold's residence. Their claim is that a factual issue exists as to how much land was actually purchased by Ahls and as to the validity of the altered deed. Thus, they argue summary disposition was inappropriate. In support of this allegation, David testified through his deposition that his father had told him that he had sold a portion of the ground to Ahls and had loaned a piece of ground in the same area for the use of the Ahls during their lifetime.

▬ We note that although a quiet title action is statutory, SDCL ch. 21-41, it can essentially be an equitable action. *See Ward v. Shipp,* 340 N.W.2d 14 (N.D.1983). When the action seeks to determine adverse claims in the property, it is equitable in nature. *Grigsby v. Larson,* 24 S.D. 628, 124 N.W. 856 (1910).

The major contention of David and Kay is that Ahls altered the deed. This deed was duly recorded in the office of the Lawrence County Register of Deeds and has not been challenged since its recordation.

▬ "[I]n the absence of other evidence to the contrary, such an [alteration] is presumed to have been made prior to or contemporaneous with the execution of the instrument." *Northwestern Mortgage Trust Co. v. Levtzow,* 23 S.D. 562, 563, 122 N.W. 600, 601 (1909) (citations omitted). The parties, however, may submit evidence to rebut this presumption. *Langan v. Van Dusen,* 79 S.D. 108, 108 N.W.2d 470 (1961). If such evidence is submitted, then the question of who altered the instrument, when the alteration occurred, and with what intent, becomes one for the trier of fact. *Langan, supra.*

▬ This question of fact cannot be resolved in a summary judgment proceeding. Actions involving state of mind, which include cases involving intent, are not usually suited for summary disposition. *Wilson, supra;* 73 Am.Jur.2d *Summary Judgment* § 4 (1974).

David and Kay also contend that the trial court erred in considering the deed in its summary judgment deliberations when the deed had been altered and not properly authenticated. In view of our disposition of the first issue, we determine that it is unnecessary to reach this issue.

Accordingly, the judgment of the trial court is reversed and the proceedings remanded for further action.

FOSHEIM, C.J., HENDERSON and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.