BIDWELL, et al.; Respondents, v. COLLINS et al. (Jones County Abstract Company, Intevener), Appellants.

(164 N. W. 969.)

(File No. 4192.   Opinion filed November 12, 1917.)

1.  Injunctions—Use of Business Name by Abstracters—Corporation—
        Partnership—Inchoate New County—Use of Name Under
        Old, Under New—Priority of Rival Companies—Immateriality
        of Statute.

        Plaintiffs had been engaged since February, 1909, in the abstract of title, etc., business in Lyman county under firm name "Lyman County Abstract Company." At the general election, 1916, Lyman county was divided into two counties, one portion being named Jones county; pursuant to which an election was called to be held January 9, 1917, for purpose of locating the county seat and election of officers for the new county. On October 21, 1916, plaintiffs tentatively formed a

partnership under the name "Jones County Abstract Company," for purpose of conducting an abstract of title business, etc., in Jones county after the county division, publication of which formation of partnership was made prior to said general election. Defendants became incorporated under name of Jones County Abstract Company November 9, 1916, and published notice thereof on the same date as that of plaintiffs' publication. Plaintiffs opened an office in a town in said Jones county in November, 1916, defendants not having maintained an office in said county and not intending to until the county was organized. Held, that, since Jones county was an unorgaized county until after the decision in trial court of the suit in which plaintiffs seek to enjoin defendants from using said name, there is no merit in plaintiffs' claim, as against defendants' claim to use of its corporate name, that they first adopted said business name and were first to put it to actual use in transaction of their business; it appearing that defendants had for several years been conducting an abstract of title business in Lyman county, although under a different name; it further appearing that plaintiffs did not file their certificate of partnership under a fictitious name as required by Civ. Code, Sec. 1762, until after they had seen defendant's announcement of incorporation, and that even then the certificate of partnership was defective in form; that defendants lawfully acquired the right to use of their corporate name, and were entitled to transact business thereunder after complying with statute as to filing abstractor's bond; that plaintiffs are without standing in a court of equity, and not entitled to an injunction against defendants.

2. **Trade Marks—Use of Business Name—Exclusive Use, Whether Permissible—Statute.**

Under Civ. Code, Sec. 892, providing that one who produces or deals in a particular thing or conducts a particular business, may appropriate to his exclusive use, as a trade mark, any form, symbol or name not already appropriated by another, to designate the origin or ownership thereof, but cannot exclusively appropriate any designation or part thereof which relates only to the name, quality or description of the thing or business, or the place where the thing is produced or business carried on, held, that neither of two parties or sets of business associates, could acquire the exclusive use of the name "Jones County Abstract Company;" therefore it is unnecessary to determine whether plaintiffs, or defendants, in an injunction suit to enjoin defendants from using such name, acquired the prior right to its use; there being no question of unfair competition or of fraud involved; no business having been built up and acquired by plaintiffs under said business name; and

it appearing that defendants lawfully acquired the corporate right to use of such name and are entitled to transact business.

Appeal from Circuit Court, Lyman County. Hon. ROBERT B. TRIPP, Judge.

Action by F. A. Bidwell and Williamson, Jr., against L. E. Collins, Florence Collins and Carl Gammon; Jones County Abstract Company, a corporation, intervener; suit being for an injunction against defendants' use of a business name. From a judgment enjoining defendants from using said name, and from an order denying a new trial, defendants and intervener appeal. Judgment and order reversed, with direction to dismiss the action.

*Brown & Brown,* for Appellants.

*H. L. Bode,* for Respondents.

(1) To point one of the opinion, Appellant cited: Civ. Code, Secs. 1762-4; Chadron Opera House Company v. Loomer, 99 N. W. 649.

Respondents cited: Rosenburg v. Fremont Undertaking Co., 114 pac. 886.

(2) To point two of the opinion, Appellants cited: San Francisco Oyster House v. Mihich (Wash.) 134 Pac. 921; Dunston v. Los Angeles Van and Storage Company, (Cal.) 131 Pac. 115; Canal Co. v. Clark, 13 Wall, 311, 20 L. Ed. 581; Note to Dyment v. Lewis, (Iowa) 26 L. R. A. (N. S.) 73, p. 75, under head of "Necessity of alleging and proving fraud."

Respondents cited: Civ. Code, Secs. 1762, 1764; Civ. Code Cal., Secs. 2466, 2468; Heegaard et al. v. Dakota Loan & Trust Co., 3 S. D. 575; Willey v. Crocker-Woodworth Natl. Bank, 75 Pac. 106, 108; 4 Cyc. 304-A; Drake v. Railway Co., 24 S. D. 19, 24; Amoskeag Mfg. Co. v. Garner, 54 How. Prac. 297; Am. Waltham Watch Co. v. U. S. Watch Co. (Mass.) 53 N. E. 1141, 142, 73 Am. St. Rep. 263, 43 L. R. A. 826; Cuervo v. Landauer (C. C.) 63 Fed. 1003; 38 Cyc. 692; Grand Lodge K. P. of N. and S. Am. v. Grand Lodge K. P. (Ala.) 56 So. 963.

GATES, P. J. Appeal from a judgment enjoining defendants from using the name Jones County Abstract Company, and from an order denying a new trial. At the last general election on November 7, 1916, Lyman county was divided into two counties, the western portion being named Jones county. Pur-

suant thereto the Governor of this state called an election to be held January 9, 1917, for the purpose of locating a county seat and the election of officers of the new county. This action was tried in December, 1916, and the trial court made its findings and conclusions on January 8, 1917. The trial court found that plaintiffs had been engaged since February, 1909, in the general loan, land, and abstract of title business in Lyman county under the firm name Lyman County Abstract Company; that on October 21, 1916, plaintiffs formed a partnership under the name Jones County Abstract Company for the purpose of conducting a general land, loan, and abstract of title business in Jones county after the county division, and that prior to the election they publicly announced the formation of such partnership and immediately after the election caused public announcement thereof to be made in the public press of said county; that defendants became incorporated under the name Jones County Abstract Company on November 9, 1916, and published a notice thereof; that plaintiffs opened an office in Murdo in said Jones county on November 11, 1916, with H. L. Bode in charge; that the defendants have not maintained an office in said county and did not intend to do so until the county was organized; and that plaintiffs were the first to adopt the name Jones County Abstract Company, and were the first to put such name to actual use in the transaction of their business. Since Jones county was an unorganized county from November 7, 1916, until after the time of the decision of this case in the trial court, it is difficult to see what merit plaintiffs acquired in opening an office in that county. It appeared from the evidence that the notice by each of the parties was published in the first issue of the Murdo Coyote issued after the election; that defendants have for several years been conducting an abstract of title business in Lyman county under the name L. E. Collins & Co.; that while defendants obetained their corporate charter on November 9, 1916, plaintiffs did not file their certificate of partnership under a fictitious name, as required by section 1762, C. C., until November 11, 1916, after they had seen the announcement of defendants' incorporation, and even then the certificate of partnership was defective in form. The trial court made other findings relative to the good faith of defendants and in relation to the large business which plaintiffs

had built up in the territory now known as Jones county, but later the court amended the findings as follows:

"'The only issue being the priority of the organization of the respective companies, the Jones County Abstract Company a partnership, and the Jones County Abstract Company a corpora-tion,' and on its own motion amends the finding herein in harmony with the above amendment of the record in this case."

[1] In view of the above amendment and in view of the fact that whatever business plaintiffs had built up was acquired under the name Lyman County Abstract Company, there is no question of fraud involved in the determination of this appeal. A consideration of the evidence convinces us that the organization of the plaintiff partnership in October, 1916, was tentative, sub-ject to the issue of the election, and therefore that any public notice they may have given was merely a tentative notice subject entirely to the result of the election, and that defendants by their act of incorporation obtained the right to use the name.

In view of the provisions of section 892, C. C., it is unnec-essary to determine whether plaintiffs or defendants acquired the prior right to the use of the name, because, under the circum-stances of this case, neither party could acquire the exclusive use of the name. That section of the Code is identical with section 991, Cal. C. C. Under that section the Supreme Court of Cali-fornia, in Dunston v. Los Angeles Van & Storage Co., 165 Cal. 89, 131 Pac. 115, held as follows, with which we fully agree:

"But, second, and more important, is the fact that the trade-name used by plaintiff is not susceptible under our law of ex-clusive use, and therefore of protection as an exclusive trade-mark or name. This proposition is completely covered by section 991 of our Civil Code, which declares: 'One who * * * con-ducts a particular business * * * cannot exclusively appro-priate any designation, or part of a designation, which relates only (a) to the name * * * or (b) the description of the * * * business, or (c) the place where the * * * business is carried on.' It is too apparent to need discussion that the name here employed by plaintiff has reference in its first words to the place of business; in the remaining words to a description of the business. Such names, titles or designations are not the subject of exclusive copyright or trade-mark. Eggers v. Hink.

63 Cal. 445, 49 Am. Rep. 96; Schmidt v. Brieg, 100 Cal. 672, 22 L. R. A. 790, 35 Pac. 623; Castle v. Siegfried, 103 Cal. 71, 37 Pac. 211; Hainque v. Cyclops Iron Works, 136 Cal. 351, 68 Pac. 1014; American Wine Co. v. Kohlman (C. C.) 158 Fed. 830. It follows, therefore, since the plaintiff cannot acquire an exclusive property right in the associated words 'Los Angeles Van, Truck & Storage Company,' any relief based upon an asserted invasion of this exclusive trade-mark is without warrant. Italian-Swiss Colony v. Italian Vineyard Co., 158 Cal. 252, 32 L. R. A. (N. S.) 439, 110 Pac. 913. As the judgment cannot thus be supported upon the theory of an invasion of an exclusive right to property in a trade-mark, the only ground for the support of the judgment is that which has come to be known as 'unfair trade dealing.' This is but a succinct statement of the principle that in the interest of fair commercial dealing courts of equity, where one has been first in the field doing business under a given name, will protect that person to the extent of making competitors use reasonable precautions to prevent deceit and fraud upon the public and upon the business first in the field."

[2] Here there is no question of unfair competition, no business has been built up and acquired by plaintiffs under the name Jones County Abstract Company, nor did the prior partnership name, Lyman County Abstract Company, give them any right to the use of the name Jones County Abstract Company upon the county division. One of the principal cases relied upon by respondents is that of Rosenburg v. Fremont Undertaking Co., 63 Wash. 52, 114 Pac. 886, where the court said: .

"The right to use a particular name as a trade-name belongs to the one who is first to appropriate it and use it in connection with a particular business. * * * Nor is the rule different because the name or some part of it may be a geographical name."

It is a sufficient answer to that authority to say that there the question of fraud was involved, and also that the state of Washington does not have a provision of statute corresponding to our section 892, C. C. The defendants lawfully acquired the right to the use of the name, and they are entitled to transact business under that name when they comply with the statute in reference to filing of abstractor's bond, which they have been

prohibited from doing by the injunction. The plaintiffs are entirely without standing in a court of equity.

The judgment and order appealed from are reversed, with directions to dismiss the action.