ZWECK, Respondent, v. ABERDEEN LAUNDRY & DRY CLEANING COMPANY, et al., Appellants.

(183 N. W. 118.)

(File No. 4790.   Opinion filed June 2, 1921.   Rehearing denied July 16, 1921.)

1. **Unfair Competition—Rival Business Concerns, Conflicting Trade Names, Enjoining Use of—"Aberdeen Dry Cleaning Works," "Aberdeen Laundry & Dry Cleaning Company," Fraudulent Use of Latter Name, Enjoinable.**

Where plaintiff and his predecessor had conducted a dry cleaning and dyeing business under the trade name "Aberdeen Dry Cleaning Works" for about fifteen years, and two defendants had for about that period and until 1916 operated a laundry business under the name "Aberdeen Steam Laundry," thereafter purchasing a business known as the "Sanitary Dry Cleaning & Dyeing Works," then in business in the same town of A, a third defendant having purchased an interest in the latter business and conducted same under said name until 1916, when defendant corporation "Aberdeen Laundry & Dry Cleaning Co." embraced, consolidated and thereafter conducted the businesses of all defendants under the latter name; **held**, that the evidence established that confusion and loss resulted to plaintiff's business after adoption of their present trade name, and that defendants fraudulently appropriated to their use and operated their business under their present name after knowledge of such confusion created thereby and the loss and injury sustained

by plaintiff, whereby plaintiff suffered irreparable loss and injury, which trial court properly adjudged entitled plaintiff to a permanent injunction.

2. **Same—Trademarks, Trade Names, First User, Protection of Business Under Against Unfair Competition—Injunction Re— Rule Stated.**

The first dealer in a particular business to adopt and use and give value to a trade name consisting of geographical, generic or descriptive terms and therefore not subject to exclusive appropriation as a trade name, is yet entitled to have such business protected against unfair competition by subsequent rival traders; and equity may enjoin use of such trade names or similar names by such subsequent traders, where necessary to protect business built up by first dealer. So held, in the light of Sec. 490, Code 1919, (Sec. 892, Rev. Code 1903); Bidwell v. Collins, 39 S. D. 395, distinguished.

3. **Unfair Competition—Injunction Against, Laches, Non-bar to Suit.**

In suits based on unfair competition, it is well settled that mere laches in bringing suit is not a bar to the injunction features of a cause.

Appeal from Circuit Court, Brown County.   Hon. FRANK ANDERSON, Judge.

Action by Harvey L. Zweck, sole Trader under the trade name of Aberdeen Dry Cleaning Works, against the Aberdeen Laundry & Dry Cleaning Company, a corporation, W. J. Tiffany and others, to recover damages for unfair competition and for injunctional relief.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

*Max Stokes,* and *C. O. Newcomb,* for Appellants.

*Van Slyke & Agor,* for Respondent.

(1)   To point one of the opinion, Appellant cited:   Sec. 490, Code 1919; Elgin Butter Co. v. Elgin Creamery Co., 155 Ill. 127, 40 N. E. 616; Kansas Milling Co. v. Kansas Flour Mills Co. (Kas.) 133 Pac. 542.   Bidwell v. Collins, (S. D.) 164 N. W. 969; Oneida Community v. Oneida Game Trap Co., 150 N. Y. 918; Thompson Lumber Co. v. Thompson Yards, (Minn.) 175 N. W. 550.

Respondent cited:   38 Cyc. 756, 760; Rhodseth v. Northwest Marble Works, (Minn.) 152 N. W. 885, Ann. Cases 1917-A, 257; Viano v. Baccigalupo, (Mass.) 67 N. E. 641; Dyment v.

Lewis, (Ia.) 123 N. W. 244; Motor Accessories Mfg. Co. v. Marshalltown Motor Material Mfg. Co. (Ia.) 149 N. W. 184.

(2)   To point two, Appellant cited:  Bidwell v. Collins, (S. D.) 164 N. W. 969.

Respondent cited: Dyment v. Lewis, 123 Ia. 244; Viano v. Baccigalupo, (Mass.) 67 N. E. 641; Weinstock-Lubben & Co. v. Marx, (Cal.) 50 A. S. R. 57.

(3)   To point three, Respondent cited:  38 Cyc. 881; note 26 L. R. A. (N. S.) 92; Menendez v. Holt, 129 U. S. 514.

GATES, J.   Action for damages for unfair competition and for an injunction.  Trial to the court without a jury.  From a judgment for plaintiff and from an order denying new trial defendants appeal.

This action was begun in 1919.  For about 15 years prior thereto plaintiff and his predecessors conducted a dry cleaning and dyeing business in the city of Aberdeen under the trade-name "Aberdeen Dry Cleaning Works."  From 1901 until 1916 two of defendants conducted a laundry business in Aberdeen under the name "Aberdeen Steam Laundry."  In 1911 the said two defendants purchased a business known as the "Sanitary Dry Cleaning & Dye Works" then doing business in Aberdeen.  Afterwards another of defendants purchased an interest in the latter business, and the same was conducted by the defendants Tiffany under said name "Sanitary Dry Cleaning & Dye Works" until August, 1916, when the defendant corporation, "Aberdeen Laundry & Dry Cleaning Company," was incorporated and both businesses of defendants were consolidated under said corporate name and they were thereafterwards so conducted.

[1]   Appellants complain of the insufficiency of the evidence to sustain the findings.  From ample competent evidence the trial court found facts showing that confusion and loss resulted to respondent's business from and after the adoption and use by defendants of their present trade-name.  From ample competent evidence the trial court also found:

"The court further finds from the evidence that defendants did fraudulently appropriate to their use and did operate their business under the name 'Aberdeen Laundry & Dry Cleaning Company,' and did, after knowledge of the confusion created thereby and the loss and injury sustained by the plaintiff, con-

tinue to operate its said business under said corporate name, whereby the plaintiff suffered irreparable loss and injury."

From the findings of fact the trial court entered the following conclusion of law:

"The court finds, as a conclusion of law, that the plaintiff is entitled to a judgment forever enjoining and restraining the defendants, their agents and servants, from doing business under the corporate name 'Aberdeen Laundry & Dry Cleaning Company,' and from advertising or soliciting trade thereunder and from using the trade-name of the plaintiff or the names 'Aberdeen Dry Cleaning Co.,' 'Aberdeen Dry Cleaning Company,' or 'Aberdeen Dry Cleaners,' and from receiving any business thereunder shipped or transmitted or otherwise forwarded to the plaintiff under such names, and from pretending to be the plaintiff or his representatives."

[2]   Appellants contend that this action cannot be maintained because of section 490, Rev. Code 1919, and because of the decision in Bidwell v. Collins, 39 S. D. 395, 164 N. W. 969. In construing that section of the Code (then section 892, Rev. Civ. Code 1903) in that case it was especially pointed out that the question of unfair competition was not involved.   Respondent asserts this legal proposition:

"The first dealer in a particular business to adopt and use and give value to a trade-name consisting of geographical, generic, or descriptive terms. and therefore not subject to exclusive appropriation as a trade-name will nevertheless be entitled to have the business which he has built up under such name protected against unfair competition on the part of subsequent rival traders, and equity may enjoin the use of such trade-names or similar names by subsequent rival traders where necessary to protect the business built up by the first dealer."

We think this proposition is sound in law, and that the facts of this case justify its application.   38 Cyc. 803; 26 R. C. L. 889; Nims, Unfair Competition and Trade-Marks, pp. 190-232.

[3]   Finally appellants urge that respondent's laches in bringing suit is a bar to the action.   The trial court did not award money damages to respondent.   In suits based on unfair competition it is well settled that mere laches in the bringing of suit is not a bar to the injunctional features of a cause.   38 Cyc.

881. Moreover, one of the acts of appellants tending strongly to show a lack of good faith on their part occurred only a short time before this action was brought.

The judgment and order appealed from are affirmed.