**STANDARD OIL CO.**

v.

**STANDARD OIL CO. OF NORTH DAKOTA et al.**

Civ. No. 2008.

United States District Court,
D. North Dakota,
Northeastern Division.

July 27, 1954.

**228**

William R. Pearce, Cox, Cox, Pearce & Engebretson, Bismarck, N. D., Wallace H. Martin and Robert Bonynge, Nims, Martin, Halliday, Whitman & Williamson, New York City, of counsel, for plaintiff.

Harry Lashkowitz, Lashkowitz & Lashkowitz, Fargo, N. D., Harold D. Shaft, Shaft, Benson & Shaft, Grand Forks, N. D., for defendants.

VOGEL, Chief Judge.

By this case, plaintiff, Standard Oil Company, an Indiana corporation, seeks to enjoin defendant The Standard Oil Company of North Dakota, a North Dakota corporation, and defendant S. H. Kaplan from using the words "Standard", "Standard Oil" or "Standard Oil Company" as trade-marks or as part of the name of defendant corporation. Diversity of citizenship plus more than the statutory amount are involved. This Court has jurisdiction.

■■ The questions here must be determined according to the law of the State of North Dakota. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. We have no decisions from the North Dakota Supreme Court. It becomes expedient, then, to look to other jurisdictions for guidance.

Plaintiff qualified to do business in North Dakota on February 1, 1896, and registered its trade-mark "Standard" under the laws of the State of North Dakota on February 10, 1923. Plaintiff for many years has been the only petroleum company which has used the trade-names and trade-marks "Standard", "Standard Oil" and "Standard Oil Company" in North Dakota and in fourteen other additional Midwestern states.

Defendant, The Standard Oil Company of North Dakota, was incorporated by the defendant Kaplan on February 19, 1949. Under its charter, it is authorized to engage in practically the same business as the plaintiff; i. e., petroleum production, manufacturing, distributing and selling.

■■ ■■ By mere comparison alone, it is obvious that the names of plaintiff and of the corporate defendant are confusingly similar. Restatement, Torts, Sec. 728, comment a (1938). In addition, plaintiff has shown that as a result of publicity given to the incorporation of the corporate defendant, substantial confusion has already occurred in the mind of the public. The use of a confusingly similar corporate name should be enjoined in order to protect the business and good will of the prior corporation. N.D.R.C. of 1943, Sec. 10–0111; General Film Co. of Missouri v. General Film Co. of Maine, 8 Cir., 1916, 237 F. 64; Indian Territory Oil & Gas Co. v. Indian Territory Illuminating Oil Co., 10 Cir., 1938, 95 F.2d 711, certiorari denied 305 U.S. 607, 59 S.Ct. 67, 83 L.Ed. 386; Local Loan Co. v. Local Finance Corp., D.C.E.D.Wis.1944, 56 F.Supp. 658; Zweck v. Aberdeen Laundry & Dry Cleaning Co., 1921, 44 S.D. 176, 183 N.W. 118.

Tacking the phrase "of North Dakota" onto the dominant phrase "Standard Oil Company" does not lessen the confusion. See Standard Oil Co. of New Mexico v. Standard Oil Co. of California, 10 Cir., 1932, 56 F.2d 973, 976. In an attempt to lessen the effect of the obvious confusion through name similarity, the defendant uses the phrase "Not affiliated with any existing oil company" on its letterheads. The use of the phrase not only fails to lessen the confusion but is an obvious admission on the part of the defendant that confusion was expected. See Esso, Inc. v. Standard Oil Co., 8 Cir., 1938, 98 F.2d 1, 7.

The tenacity with which defendants urge their right to use a corporate name which could have acquired no value insofar as their own use of the name is concerned justifies an inference that defendants recognize that the name "Standard Oil Company" has a value which has been derived from some other source, to-wit: The reputation which the Standard Oil Company, operating in the territory, has acquired in fifty years of business operations. The defendants disclaim an intent to appropriate anything of value belonging to another corporation but their actions belie their words.

For all practical purposes, plaintiff's long use of the Standard Oil Company name and trade-marks in North Dakota and in its Midwestern business territory has been an exclusive one. While defendants have shown that a variety of "Standard Oil" companies besides plaintiff's have from time to time been licensed to do business in various states within plaintiff's Midwestern business territory, it does not appear that such companies using the "Standard Oil" name have actually engaged in any business in such states. For the most part, such companies have either abandoned the use of the name or have withdrawn from the territory. Others have been enjoined from using it. In an undefended action, on January 10, 1931, this Court enjoined the use of the name "Standard Oil Company of North Dakota, Inc.," by an earlier North Dakota corporation. See Standard Oil Co., a corporation, Complainant v. Standard Oil Co. of North Dakota, Inc., a corporation, R. J. Young, C. E. Morris and C. L. Young, Respondents, U.S.D.C.N.D., Civil No. 495. See also Standard Oil Co. v. Michie, D.C.E.D.Mo., 1929, 34 F.2d 802; Standard Oil Co. of Colorado v. Standard Oil Co., 10 Cir., 1934, 72 F.2d 524, certiorari denied 293 U.S. 620, 55 S.Ct. 216, 79 L.Ed. 708; Esso, Inc., v. Standard Oil Co., supra.

It cannot be said, as defendants contend, that plaintiff has abandoned its exclusive claim to the "Standard Oil Company" name and related trade-marks. On the contrary, it would appear that plaintiff has been vigilant in objecting to infringements of its trade-marks and its name. The fact that the "Standard Oil" name and trade-marks are used by others in other territories does not qualify plaintiff's right thereto within the territory where plaintiff has first appropriated and maintained exclusive use thereof. See particularly the opinion of the Court of Appeals of this Circuit in Esso, Inc., v. Standard Oil Co., supra, 98 F.2d at page 7, wherein the Court stated:

"The rule seems to be well settled that 'where two parties independently are employing the same mark upon goods of the same class, but in separate markets wholly remote the one from the other,' each has the exclusive right to the use of the mark within the territory in which he has used it, to the exclusion of the other. (Citations.)"

The defendants contend that plaintiff could not appropriate the exclusive use of the word "standard" as a trade-mark and that the state could not validly register for plaintiff the trade-mark "Standard" because the word relates to "class or description" or to "quality, or the description". N.D.R.C. of 1943, Sec. 47–2201 and Sec. 47–2203 exclude the registration or appropriation of such marks. Defendants' argument overlooks the fact that the noun "standard" has a distinct meaning, as a signal, beacon, emblem, banner or flag, aside from its common meaning as a descriptive term. Moreover, there is no evidence that the word "standard" has a descriptive significance in the petroleum industry. Even if it did have such a descriptive significance, it is quite apparent that through long and exclusive use "Standard" has acquired a well-recognized secondary meaning as designating the products of the plaintiff which would entitle plaintiff to protection thereof. See Standard Oil Co. of Colorado v.

Standard Oil Co., 10 Cir., 1934, 72 F.2d 524, supra; and Esso, Inc. v. Standard Oil Co., supra.

The defendants urge that this Court should not enjoin their use of the words "Standard Oil Company" because violation of the North Dakota Trade-Mark Act is a misdemeanor, N.D.R.C.1943, Sec. 47–2205 and Sec. 47–2206, and equity should not enjoin the commission of criminal offenses. The cited criminal sections of the Code relate to forging or counterfeiting trade-marks willfully or with intent to defraud and do not relate to unfair competition or trade-mark infringement.

■ Section 47–2301, N.D.R.C.1943, originally enacted in 1917, provides for a "trade-mark" to be licensed for use on articles grown, manufactured or produced in North Dakota which meet standards set by the State Laboratories Department. A portion of the prescribed design is to be a "ribbon on which the word 'standard' shall be printed;" other portions of the prescribed design are to bear the phrases "North Dakota", "quality and measure", "State Trade-Mark", and "North Dakota Backs It Up". Defendant corporation has applied for but not yet received a license to use this "trade-mark".

Defendants argue that this statute places the word "standard" in the public domain and thereby authorizes the defendants' use of the word. It is apparent, however, that the statute was only intended to create a symbol utilizing the word "standard" in its descriptive sense, which may be licensed by the State Laboratories Department for use on products that qualify therefor. The statute does not purport to authorize any other use of the word "standard". The authorized use of the word "standard" to describe products which conform to standards required by the North Dakota State Laboratory has no application to the issues in this case. The use authorized is "standard" with a small "s" to describe quality alone. By no rational means can such authority be distorted to permit the appropriation of the name "Standard"

with a capital "S" and its use in the corporate name of one of these defendants.

It is accordingly clear that the statute does not justify the defendants' use of the work "standard" in the title of the defendant corporation and would not justify defendants' use of the word "standard" as its own trade-mark. It is not necessary here for this Court to decide whether defendant corporation might use the prescribed symbol on its products if it should in the future be licensed to do so.

■ Defendants argue that this action, insofar as it seeks to restrain trade-mark infringement is concerned, is premature because there is no showing that defendants have used the trade-mark word on any products. It is true that the defendants have not yet actually engaged in business. There is, however, ample evidence of an intent to use the corporate defendant's name in connection with the sale of products in competition with the plaintiff. The corporate purposes of defendant corporation are substantially the same as those of the plaintiff. Defendant Kaplan testified that defendants plan to produce and sell gas and oil products under defendant's corporate name. He hired a professional public relations man. They talked to service station operators concerning distribution of petroleum products under the corporate defendant's name. Use of the corporate defendant's name in connection with the sale of products in competition with plaintiff would damage plaintiff's business and good will.

It is generally held that a threatened trade-mark infringement, such as appears here, should be enjoined. See Restatement, Torts, Sec. 744 comment g; Standard Oil Co. of Colorado v. Standard Oil Co., supra; Standard Oil Co. of New Mexico v. Standard Oil Co. of California, supra; Standard Oil Co. of Maine v. Standard Oil Co. of New York, 1 Cir., 1930, 45 F.2d 309.

This Court is of the opinion that plaintiff is entitled to the relief requested in the form of an injunction restraining the corporate defendant from using the

words "Standard", "Standard Oil" or "Standard Oil Company" as part of the name of the defendant corporation or as trade-marks. The injunction should be applicable also to the defendant Kaplan since he was the one responsible for the organization of the corporate defendant, selected its name, and promoted it, and since he, even though not presently an officer of the corporation, is still the one most active in promoting the interests of the corporate defendant. The requested injunction will be granted.

It will be so ordered.