STORM, Respondent v. CANYON AMUSEMENT CORPORATION et al., Appellants

(79 N.W.2d 698)

(File No. 9584. Opinion filed December 10, 1956)

**Roswell Bottum,** Rapid City, for Appellants.

**E. G. Brown,** Sturgis, for Respondent.

HANSON, J.   This is an action to enjoin the alleged infringement of a registered trade-mark.   The trial court entered judgment prohibiting the defendants from using the name "Crystal Cave" and from doing business under that name.   The defendants appeal.

Both parties to the action own natural caves in the Black Hills of South Dakota.   The caves are open to the public and are operated as public attractions.   Both caves contain natural crystal formations.

The cave owned by the plaintiff has been open to the public since 1878.   It is known as Crystal Cave and has been extensively advertised as such.   The cave is located approximately twenty miles north of Rapid City and five miles west of Highway 14-79.   In their advertising the plaintiff, and prior owners, have long utilized a sign in the form of a red arrow with the words "Crystal Cave" printed in white thereon.   In recent years the plaintiff has also advertised his attraction as "Old Crystal Cave", "Old Original Crystal Cave", "Original Crystal Cave", and "The Great Crystal Cave".

The defendants' cave is located approximately eleven miles north of Rapid City and two miles west of Highway 14-79.   It was first opened to the public in 1935.   The cave is known, and advertised, as the "Stage Barn Crystal Cave" or the "Stage Barn Crystal Caverns".   At the junction of Highway 14-79 and the gravel road running to their cave the defendants have maintained for some years a sign depicting

a stagecoach with four horses and the words "Stage Barn Crystal Caverns". In recent years the defendants erected a red arrow on top of their sign with the words "Crystal Cave" printed in large white letters.

Twenty-eight years ago the plaintiff had the symbol of a red arrow with the words "Crystal Cave" printed in white registered as a trade-mark, name or label in the office of the Secretary of this State. Registration was made pursuant to the provisions of § 490 of the S.D. Code of 1919 providing as follows:

> "Sec. 490. **Trademarks.** One who produces or deals in a particular thing, or conducts a particular business, may appropriate to his exclusive use, as a trade-mark, any form, symbol or name which has not been so appropriated by another, to designate the origin or ownership thereof; but he cannot exclusively appropriate any designation, or part of a designation, which relates only to the name, quality or description of the thing or business, or the place where the thing is produced or the business is carried on". Sec. 490 is now incorporated in 51.0901, SDC 1939.

The plaintiff's cause of action is founded entirely upon the protection afforded him under his registered trade-mark, name or label. Its validity is now challenged by the defendants. Such defense may be asserted in this action. The mere registration of a trade-mark or name is not conclusive as to the validity of the registration. That fact may be questioned collaterally. 87 C.J.S., Trade-Marks, etc., § 132.

The quoted statute provides that one cannot exclusively appropriate, as a trade-mark, any designation, which relates only to the name, quality or description of the thing or business. The statute is merely expressive of the common law rule. The reason for the rule is stated in Nims, on Unfair Competition, 2d Ed., p. 391, as follows:

> "The right of others to use descriptive words in their ordinary and usual meaning must not be restricted. No sign or form of words may be appropriated as a valid trade-mark, for use in its primary meaning which, from the nature of the fact conveyed by that primary meaning, others may employ

with equal truth, and with equal right, for the same purpose".

■ The undisputed evidence shows both parties own and operate natural caves containing crystal formations. The words "crystal cave" are generic and descriptive of the qualities of each cave. Both parties could with equal truth and equal right employ the words in their descriptive sense. Likewise, with equal right, both could utilize the common symbol of an arrow as a directional sign. 87 C.J.S., Trade-Marks, etc. § 33; 52 Am.Jur., Trade-Marks, etc., § 57. It is apparent the plaintiff was not entitled to register the words "crystal cave" as a valid trade-mark. He could not thereby exclusively appropriate such words to his singular use. The injunction based solely upon the infringement of plaintiff's registered trade-mark is therefore without foundation. Bidwell v. Collins, 39 S.D. 395, 164 N.W. 969.

■ This does not necessarily mean the plaintiff is without remedy. As stated in the case of Zweck v. Aberdeen Laundry & Dry Cleaning Co., 44 S.D. 176, 183 N.W. 118, 119:

" 'The first dealer in a particular business to adopt and use and give value to a trade-name consisting of geographical, generic, or descriptive terms, and therefore not subject to exclusive appropriation as a trade-name will nevertheless be entitled to have the business which he has built up under such name protected against unfair competition on the part of subsequent rival traders, and equity may enjoin the use of such trade-names or similar names by subsequent rival traders where necessary to protect the business built up by the first dealer.' " See also Annotation 150 A.L.R. 1067.

In the above case injunctive relief was sought and predicated upon the broad equitable principle of unfair competition. Here, however, unfair competition was neither pleaded nor proved.

Judgment reversed.

All the Judges concur.