ESSO STANDARD OIL COMPANY

v.

The STANDARD OIL COMPANY OF
NEW ENGLAND, Incorporated
and Arnold Polonsky.

Civ. A. No. 1845.

United States District Court
D. New Hampshire.

Dec. 18, 1958.

72

Upton, Sanders & Upton, Richard F. Upton and Frederic K. Upton, Concord, N. H., Nims, Martin, Halliday, Whitman & Williamson, New York City, of counsel, for plaintiff.

Arthur E. Porter, Manchester, N. H., for defendants.

CONNOR, District Judge.

This is a motion for summary judgment to restrain the defendants from using in any manner the corporate name "The Standard Oil Company of New England, Incorporated," and the trade names "Standard Oil of New England," "Standard Oil Company of New England," and "Standard Oil of New Hampshire" or any other name so closely·

1. "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition

similar to the corporate name of the plaintiff as to lead to confusion. The scope of the complaint embraces the use of such names both as corporate names and in connection with petroleum or petroleum products.

The complaint in essence is based on two related theories: violation of plaintiff's trade marks, which are protected by the Trade Mark Act of July 5, 1946 (15 U.S.C.A. § 1051 et seq.), and unfair competition in that the public is likely to be confused as to the source of the defendants' products.

Diversity of citizenship and $3,000 in controversy is alleged, but defendants deny that the jurisdictional sum is present, on the ground that the defendants have not actually commenced business operations.

In view of the fact that the unfair competition claim is substantial and related to the trade mark laws within the meaning of 28 U.S.C. § 1338(b),[1] there is no need to determine whether or not $3,000 is in controversy.

The uncontroverted facts, as shown by the affidavits, indicate that the plaintiff, which, prior to 1948 was named the Standard Oil Company of New Jersey, has been doing an extensive business in New Hampshire and New England continuously since 1931, through a subsidiary, under its trade name "Esso," and for the past decade, under its own trade name, "Standard Oil Company." As of June 30, 1957, there were 264 dealers distributing the products of plaintiff in New Hampshire. Over $50,000 has been spent on radio advertising in New Hampshire alone in the past decade. In 1957, there were 39 billboards on the roads and highways entering New Hampshire and throughout the state which invited motorists to use products of Esso Standard Oil Company. There is distributed annually in the State of New Hampshire in excess of one-half million cans of motor oil and other petroleum products upon most of which the name Esso Standard Oil Company appears.

when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

■ The defendant Arnold Polonsky in July, 1957, registered with the Secretary of State of New Hampshire the trade names Standard Oil of New England, Standard Oil Company of New England, and Standard Oil of New Hampshire for the purpose of building a retail establishment to market petroleum products in Littleton, New Hampshire. As of the date of the hearing, the defendants had not actually commenced the operation of the business. Registration by the Secretary of State is not conclusive proof that no unfair competition exists. See Standard Oil Company of New Mexico, Inc. v. Standard Oil Company of California, 10 Cir., 1932, 56 F.2d 973.

Defendant argues that the name "Standard" has fallen into the public domain and is merely a synonym for "uniform" or "regular." Granted that this may be true, and that there are companies with such apparently valid names as "Standard Brands," "Standard Packaging," the problem is whether plaintiff has a right to the name "Standard Oil" not just the name "Standard" alone.

■ Defendant next contends that the name "Standard Oil" has become diluted by use by such companies as Standard Oil of California and Standard Oil of Indiana and others. But each has rights in the name only in its own territory, and the plaintiff has exclusive rights in its own territory which includes New England. See Standard Oil of New Jersey v. United States, 1911, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619.

■ The defendant contends that the plaintiff has emphasized the mark "Esso" and has abandoned its name "Standard Oil." In reply to this contention, it may be said that the mark "Esso" itself in the minds of the public represents the abbreviation of the words "Standard Oil," and also, that the words "Esso Standard Oil" appear on many products, fuel pumps and advertisements throughout the state.

■ It is concluded that the name "Standard Oil" has through the years become associated in the mind of the public, in this area, with the plaintiff, and has acquired a secondary meaning. The public, if confronted with a product of "Standard Oil Company of New England, Incorporated," would be most likely to confuse it with a product of the plaintiff and would suppose it to have been manufactured by the plaintiff or an affiliate of the plaintiff. Such a situation by either state or federal law is a classic example of unfair competition.

■ Besides having a valid claim of unfair competition, plaintiff also owns several trade marks for the name "Standard Oil Company of New Jersey," registered at various times with the United States Patent Office. The most recent trade mark was renewed on September 15, 1956, for twenty years. It is concluded that use by the defendants of any of the names in question would infringe the plaintiff's trade marks.

This case is merely the latest in a long series of cases in which courts have upheld the rights of the various original Standard Oil companies.

Among these decisions are Standard Oil Company v. Michie, D.C.Mo.1929, 34 F.2d 802, Standard Oil Company v. Standard Oil Company of North Dakota, D.C.N.D.1954, 123 F.Supp. 227, Standard Oil Company of Colorado v. Standard Oil Company, 10 Cir., 1934, 72 F.2d 524, Standard Oil Company of New Mexico, Inc. v. Standard Oil Company of California, 10 Cir., 1932, 56 F.2d 973, Standard Oil Company of Maine, Inc. v. Standard Oil Company of New York, 1 Cir., 1930, 45 F.2d 309.

■ Following the Standard Oil Company of Maine case, supra, the injunction should be limited to New England and other areas where the plaintiff is doing business.

■ There being no genuine issue of fact, plaintiff's motion for summary judgment is granted and a permanent injunction will issue forthwith.