**TIME OUT, INC., Plaintiff and Appellee,**

v.

**Chris KARRAS, d/b/a Time Out Steakhouse & Restaurant, Defendant and Appellant.**

**No. 15263.**

Supreme Court of South Dakota.

Argued May 20, 1986.

Decided Aug. 20, 1986.

Timothy J. Nimick of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellant.

Charles L. Dorothy of Dorothy Law Firm, P.C., Sioux Falls, for plaintiff and appellee.

TAPKEN, Circuit Judge.

This is an appeal from the granting of partial summary judgment in favor of Time Out, Inc. (appellee). The judgment cancelled Chris Karras' (appellant) registration of the name "Time Out Steakhouse & Restaurant" and the logo of a referee signaling time out with the Secretary of State under the trademark protection provisions of SDCL 37–6. We reverse and remand for trial.

K.P. Kompelien opened a cocktail lounge and restaurant in Sioux Falls in the early 1970's under the name "Time Out Restaurant and Lounge." Kompelien later designed a business sign picturing a sports referee signaling time out above the words "Time Out." The sign was affixed to the building where the lounge and restaurant were located.

On October 15, 1975, the partnership G & C Realty, composed of Gus Cusulos and Chris Christopulos, agreed to purchase all of the assets of the Time Out Restaurant and Lounge from Kompelien for $105,000. The purchase price did not include the real property which G & C Realty later leased.

G & C Realty was interested in operating a bar and lounge, not a restaurant. Therefore, on October 24, 1975, G & C Realty entered into a separate joint purchase agreement with appellant. Appellant agreed to purchase the restaurant facilities, equipment, fixtures, and inventory and provide $22,000 toward the $105,000 purchase price. G & C Realty specifically purchased the bar facilities, equipment, fixtures, inventory, and on-sale liquor license. Under a separate lease agreement, G & C Realty leased the restaurant portion of the building to appellant.

In March 1978, G & C Realty purchased the real estate which it had previously leased. The property was conveyed from G & C Realty to Mr. & Mrs. Gus Cusulos as tenants in common on July 8, 1980.

On November 30, 1983, Cusulos, now the sole owner of the Time Out Lounge, agreed to sell the lounge portion of the business to Time Out, Inc., a South Dakota corpora-

tion. The closing date of the sale was set for December 12, 1983. Time Out, Inc., received a Certificate of Incorporation on December 9, 1983. A.J. Wiese and Mary Wiese were the directors and sole incorporators. The purchase agreement between Cusulos, as seller, and Time Out, Inc., as buyer, provided for the buyer's right to use the name "Time Out Lounge" as well as all logos, trademarks or copyrights owned, utilized or published by seller.

Appellant filed an application for a mark registration with the Secretary of State under the provisions of SDCL ch. 37–6. The application was granted and appellant received a Certificate of Mark Registration on August 22, 1984, as the legal registrant in South Dakota for the ownership of the name "The Time Out Steak House & Restaurant."

Appellee commenced the principal action seeking damages from appellant. Appellant, through an amended counterclaim, alleged an infringement of his trademark rights by appellee. Appellee moved for a partial summary judgment solely on the trademark infringement issue. The matter was submitted to the trial court on affidavits. Findings of fact, conclusions of law and judgment were entered in favor of appellee on November 14, 1985.

Appellee contends that this appeal is premature since the judgment entered by the trial court on November 14, 1985, did not comply with SDCL 15–6–54(b), which states:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Appellant did submit an amended judgment to the trial court which complied with SDCL 15–6–54(b). The amended judgment was signed on January 22, 1986, with the trial court's note, "Not needed—covered in November 14, 1985 Judgment."

Even though other issues remain to be tried in this matter, it is apparent that the trial court intended its decision concerning the trademark infringement issue to be final. The appeal from that judgment is properly before us. *Riede v. Phillips*, 277 N.W.2d 720 (S.D.1979).

The trial court adopted twenty-seven separate findings of fact and two separate conclusions of law prior to the entry of judgment. Findings of fact and conclusions of law are unnecessary in summary judgment proceedings. SDCL 15–6–52(a); *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968); *City of Belle Fourche v. Dittman*, 325 N.W.2d 309 (S.D. 1982). Therefore, our scope of review on appeal is not under the "clearly erroneous" doctrine, but rather under the strict standards attendant upon entry of summary judgment as delineated in *Wilson, supra:*

(1) Evidence must be viewed most favorable to the non-moving party;

(2) The burden of proof is on the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law;

(3) Summary judgment is not a substitute for a court trial or for trial by jury where any genuine issue of material fact exists;

(4) Surmise that a party will not prevail upon trial is not sufficient basis to grant summary judgment on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious that it would be futile to try them;

(5) Summary judgment is an extreme remedy which should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against movant;

(6) When no genuine issue of fact exists, summary judgment is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

*See also Laber v. Koch,* 383 N.W.2d 490 (S.D.1986); *Bayer v. Employers Reinsurance Corp.,* 383 N.W.2d 858 (S.D.1986).

In *Wilson, supra,* we held that equitable actions are not usually suited for summary disposition. *See Ahl v. Arnio,* 388 N.W.2d 532 (S.D.1986). The facts in this case present no exception.

■ The effect of the judgment was the cancellation of the mark registration obtained by appellant with the Secretary of State. SDCL 37–6–19 provides:

The secretary of state shall cancel from the register any registration concerning which a court of competent jurisdiction shall find

(1) That the registered mark has been abandoned;

(2) That the registrant is not the owner of the mark;

(3) That the registration was granted improperly; or

(4) That the registration was obtained fraudulently.

The trial court concluded that the registration was granted improperly and was obtained fraudulently. Issues involving fraud are generally a question of fact. *Commercial Credit Equipment Corp. v. Johnson,* 87 S.D. 411, 209 N.W.2d 548 (1973). Whether or not the application of appellant filed with the Secretary of State contained representations that constitute fraud is a genuine question of material fact and therefore inappropriate for summary disposition.

The trial court also concluded that Time Out, Inc., purchased the name "Time Out" as well as the logo of the referee signaling time out and the sign located on the building housing the lounge and restaurant when it purchased the assets of Time Out Lounge from Gus Cusulos. The trial judge made this conclusion by determining that K.P. Kompelien was the common law owner of the name "Time Out" as well as the logo and sign, and, that Gus Cusulos purchased the common law rights to the name and logo, as well as the sign, at the time the Time Out Lounge was acquired.

■ We hold that the ownership of the mark and logo in question involves genuine issue of material fact. A common law mark is a property right acquired through use. *Health Industries, Inc. v. European Health Spas,* 489 F.Supp. 860 (D.S.D.1980). The general rule is that the exclusive right to use a mark belongs to the first who appropriates it and uses it in connection with a particular business. *SweeTarts v. Sunline, Inc.,* 380 F.2d 923 (8th Cir.1967). A mark may be registered in South Dakota pursuant to the provisions of SDCL ch. 37–6. Registration is prima facie evidence of the registrant's exclusive right to use the mark. *Health Industries, supra.* The registration of a mark or name, however, is not conclusive as to the validity of the registration. *Storm v. Canyon Amusement Corp.,* 76 S.D. 413, 79 N.W.2d 698 (1956). Appellant and G & C Realty were *joint purchasers* of the "Time Out" establishment. To summarily determine Cusulos was the owner of the mark and logo by reason of Cusulos' purchase of the business from Kompelien was inappropriate.

As stated above, factual questions are involved concerning the validity of appellant's registration of the mark. The resolution of those issues will determine whether there is a factual question concerning the effect of the registration on the entitlement of use of the mark.

■ The purpose of recognizing a right to the use of a mark is to avoid a likelihood of confusion among the consumers. *Swee-*

*Tarts, supra.* Whether there may be a likelihood of confusion among consumers by allowing appellee to use the name "Time Out Lounge" and appellant to use the name "Time Out Restaurant & Steakhouse" is a factual question to be resolved considering such factors as location and manner in which the parties intend to utilize the respective names and logo.

The granting of the partial summary judgment by the trial court on the trademark issue is reversed and the matter is remanded for further proceedings.

All the Justices concur.

TAPKEN, Circuit Judge, for FOSHEIM, C.J., disqualified.