Susan M. PINER, Plaintiff
and Appellant,

v.

Kevin JENSEN, Debra Jensen, Kenneth G. Jensen, Sr., Joan Jensen, Leo Schmitz and Gilbert Schmitz, Defendants,

and

State Bank of Springfield, a Minnesota Banking Corporation, Defendant
and Appellee,

and

Susan M. PINER, Plaintiff
and Appellant,

v.

Kevin JENSEN, Debra Jensen, Curtis A. Thram, Dianne Thram, Ethel Thram, David D. Bornitz and Ruby Bornitz, Defendants,

and

State Bank of Springfield, a Minnesota Banking Corporation, Defendant
and Appellee.

No. 18552.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1994.

Decided July 13, 1994.

---

Larry L. Gullickson, Lake Preston, for appellant.

Todd D. Wilkinson, Wilkinson & Wilkinson, DeSmet, for appellee.

SABERS, Justice.

This is an appeal of a determination of fraudulent conveyance of property on summary judgment motion. Transferee appeals claiming genuine issues of material fact exist. We reverse and remand for trial.

## FACTS [1]

On June 21, 1980, Dennis Ashwill (Ashwill) acquired 1400 acres in Sanborn County, South Dakota, on a Contract for Deed from LeRoy and Rose Marie Duke (Duke Contract). The Duke Contract provided that Ashwill would not obtain marketable title from the Dukes until he made the last payment, which was due April 1, 1996. Under the terms of the Duke Contract, Ashwill had the privilege of prepaying up to 29% of the total consideration in any one year.

On July 15, 1981, Ashwill entered into a Contract for Deed with Curtis Thram (Thram) whereby Ashwill sold Thram 440 acres of the original 1400 acres (Contract I). Ashwill also entered into a Contract for Deed on July 15, 1981 with Kevin Jensen (Jensen) for 960 acres of the original 1400 acre parcel (Contract II). Contracts I and II both ballooned on the final due date of March 15,

1991, at which time Ashwill was required to deliver marketable title to the purchasers. Ashwill remained obligated to the Dukes after executing the Contracts.

Jensen subsequently transferred a portion of his interest in Contract II to Kenneth G. Jensen, Sr., Joan Jensen, Leo Schmitz and Gilbert Schmitz. Eventually Jensen and his wife transferred their remaining interest to the State Bank of Springfield (Bank) by Quit Claim Deed dated February 22, 1985. Thram assigned his interest in Contract I to Jensen on January 21, 1983 and on February 22, 1985, Jensen assigned his interest in Contract I to the Bank. Bank entered into a contract for deed for the sale of the property in Contract I to David D. and Ruby Bornitz.

On October 17, 1990, Ashwill assigned and quitclaimed his interest in the 1400 acres to life-long friend, Susan Piner, for the purported consideration of $30,000. Ashwill and Piner were living together at the time of the assignment and subsequently married. Ashwill did not tell Jensen of the assignment.

On February 15, 1990, Bank sued Ashwill in Minnesota District Court to collect on an unrelated debt that was secured by real property in Minnesota and for foreclosure of that property. Ashwill and the Bank agreed to settle the Minnesota lawsuit on January 8, 1991. Under the terms of the settlement, Ashwill agreed to pay the Bank $200,000. As part of the settlement, Ashwill agreed to allow Jensen to make his March 15 contract payment of approximately $20,000 directly to the Bank. Ashwill did not inform the Bank or the court that he had previously assigned his interest in Contracts I and II to Piner. Ashwill claims that Jensen owed him money for custom farm work he had performed for Jensen and that it was his understanding that he was assigning his payment from the farming debt and not from Jensen's debt on the contracts. The settlement was recited to and approved by the court. On March 28, 1991, Jensen made a payment in the amount of $12,333.87 to the Bank. This amount represented Ashwill's remaining equity in the property.

---

1. This recitation of facts is developed from the depositions of Kevin Jensen, Susan Piner, and Dennis Ashwill, and some of the circuit court's Findings of Fact.

On November 20, 1991, Piner filed a Complaint to Foreclose Executory Real Estate Contract against Jensen, Debra Jensen, Kenneth G. Jensen, Sr., Joan Jensen, Bank, Leo Schmitz, and Gilbert Schmitz as successors in interest of five-sixths of Jensen's interest in Contract II. Piner filed a second Complaint to Foreclose Executory Real Estate Contract against Jensen, Debra Jensen, Curtis A. Thram, Dianne Thram, Ethel Thram, Bank, David D. Bornitz, and Ruby Bornitz as successors in interest in Contract I. Bank filed a Motion for Summary Judgment seeking dismissal of Piner's Complaints, reformation of the underlying contracts, and an award of costs, disbursements, and attorney's fees. The Bank's Motion was granted. Piner appeals.

### Whether the circuit court erred in granting the Bank's Motion for Summary Judgment.

The circuit court issued 28 findings of fact and 6 conclusions of law. Bank argues that because Piner failed to object to the proposed findings of fact and conclusions of law or to propose her own findings of fact and conclusions of law, our standard of review is limited to the question of whether the findings support the conclusions of law and judgment. *Shoop v. Shoop*, 460 N.W.2d 721, 723–24 (S.D.1990).

 As the Bank notes, findings of fact and conclusions of law are unnecessary in a summary judgment action. SDCL 15–6–52(a); *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 211, 157 N.W.2d 19, 21 (1968). "Since summary judgment presupposes there is no genuine issue of fact, findings of fact and conclusions of law are unnecessary." *Wilson*, 83 S.D. at 211, 157 N.W.2d at 21. The fact that "[t]he trial court chose to enter findings of fact and conclusions of law," *id.*, and Piner failed to object to the findings and conclusions or propose her own, does not limit our review. "[W]e are not bound by the factual findings of the trial court and must conduct an independent review of the record," *Koeniguer v. Eckrich*, 422 N.W.2d 600, 601 (S.D.1988) (citation omitted). *See Time Out, Inc. v. Karras*, 392 N.W.2d 434, 436 (S.D.1986) ("Findings of fact and conclusions of law are unnecessary in summary judgment proceedings. Therefore, our scope of review on appeal is not under the 'clearly erroneous' doctrine, but rather under the strict standards attendant upon entry of summary judgment as delineated in *Wilson* [.]"). *See generally City of Belle Fourche v. Dittman*, 325 N.W.2d 309, 311 (S.D.1982) (holding that appellants' failure to submit findings of fact and conclusions of law as requested by the trial court in a summary judgment action did not deprive the court of jurisdiction of the appeal because findings of fact and conclusions of law were unnecessary under SDCL 15–6–52(a)).

 Piner argues that the circuit court erred in granting the Bank's Motion for Summary Judgment. Summary judgment is an extreme remedy, not intended as a substitute for trial. *Dahl v. Sittner*, 429 N.W.2d 458, 461 (S.D.1988) (citations omitted). It is appropriate to dispose of legal, not factual issues and, therefore, it is authorized only when the movant is entitled to judgment as a matter of law because there are no genuine issues of material fact. *Koeniguer*, 422 N.W.2d at 601 (citations omitted). *See* SDCL 15–6–56(c).

> The moving party has the burden of proof and the evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. Therefore, the pleadings, affidavits, depositions, and every reasonable inference arising therefrom must be viewed most favorably toward the nonmoving party.

*Koeniguer*, 422 N.W.2d at 601 (citations omitted).

 Claims of fraud and deceit are usually jury questions. *Taggart v. Ford Motor Credit Co.*, 462 N.W.2d 493, 498 (S.D.1990)[2] (citing *Tri–State Ref. and Inv. Co., Inc. v. Apaloosa Co.*, 431 N.W.2d 311, 314 (S.D.1988) ("A claim for fraud and deceit is generally a question of fact for the fact finder.")). In *Time Out, Inc. v. Karras*, the trial court concluded, on a motion for partial summary

---

**2.** Allegations of fraud and deceit, with specific material facts to substantiate them, will *prevent* summary judgment. *Taggart*, 462 N.W.2d at 498 (emphasis added) (citation omitted).

judgment, that the registration of the name "Time Out Steakhouse & Restaurant" was granted improperly and obtained fraudulently. The trial court was reversed on appeal because "[i]ssues involving fraud are generally a question of fact. Whether or not the application of appellant filed with the Secretary of State contained representations that constitute fraud is a genuine question of material fact and therefore inappropriate for summary disposition." 392 N.W.2d at 437 (citation omitted). "In *Wilson*, [ ] we held that equitable actions are not usually suited for summary disposition." *Id.* (citing *Ahl v. Arnio*, 388 N.W.2d 532 (S.D.1986)).

■ In support of their argument that the circuit court correctly found that the conveyance from Ashwill to Piner was a fraudulent conveyance, Bank relies upon SDCL 54–8–1 and SDCL 54–8A–4.[3] SDCL 54–8–1 provides:

> Every transfer of property or charge made thereon, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands is void against all creditors of the debtor and their successors in interest and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor.

3. SDCL 54–8A–4 provides:
(a) Any transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
 (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
 (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
 (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
 (ii) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
(b) In determining actual intent under subsection (a)(1) of this section, consideration may be given, among other factors, to whether:
 (1) The transfer or obligation was to an insider;

As this court held in *Andrews v. Reynolds*, however, "[t]o establish a conveyance as fraudulent, actual intent to defraud must be shown, and the existence of fraudulent intent is a question of fact and not one of law." 409 N.W.2d 128, 129–30 (S.D.1987) (citations omitted).

While the circuit court found that Ashwill assigned and quitclaimed his interest in the entire 1400 acre parcel to Piner "for a purported consideration of $30,000.00," the court further found that the "purported assignment from Ashwill to Piner of all interest in the 1,400–acre parcel including the contracts constitute[s] a fraudulent conveyance motivated to delay or defraud creditors of Ashwill." Therefore, according to the circuit court's Finding of Fact XXIII, "Piner does not appear before this Court with clean hands as a result of her reliance upon the assignment which is in the nature of a fraudulent conveyance."

The question presented by a motion for summary judgment is whether or not there is a genuine issue of material fact. "It does not contemplate that the court shall decide such issue of fact, but shall determine only whether one exists." *Wilson*, 83 S.D. at 211, 157 N.W.2d at 21 (citation omitted). Whether or not the assignment from Ashwill to Piner was a fraudulent conveyance was a genuine

 (2) The debtor retained possession or control of the property transferred after the transfer;
 (3) The transfer or obligation was disclosed or concealed;
 (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
 (5) The transfer was of substantially all the debtor's assets;
 (6) The debtor absconded;
 (7) The debtor removed or concealed assets;
 (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
 (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
 (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
 (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

issue of material fact, inappropriate for summary judgment. *Time Out,* 392 N.W.2d at 437. Because genuine issues of material fact exist, the circuit court erred in granting the Bank's Motion for Summary Judgment. We find it unnecessary to reach the other issues raised by Piner and reverse and remand for trial.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.